## In re LEWIS F. PERRY & WHITNEY CO.

(District Court, D. Massachusetts. March 27, 1909.)

No. 14,121.

BANKRUPTCY (§ 88*)—PETITION—PETITIONING CREDITORS—INTERVENTION—TIME—"AT ANY TIME."

Bankr. Act July 1, 1898, c. 541, § 59, cl. "f," 30 Stat. 562 (U. S. Comp. St. 1901, p. 3445) provides that creditors, other than original petitioners, may "at any time" enter their appearance and join in the petition. Clause "d" declares that creditors, notified of the pendency of the petition as there provided, must join in it prior to or during the hearing. *Held*, that clause "d" deals only with cases in which the issue is whether the alleged bankrupt's creditors number less than twelve, and hence a creditor may intervene and join the original petitioners "at any time" prior to the dismissal of the petition.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 110; Dec. Dig. § 88.*

For other definitions, see Words and Phrases, vol. 1, pp. 602, 603.]

In the matter of the Lewis F. Perry & Whitney Company, an alleged bankrupt. On motion to dismiss the petition of Francis T. Leahy to join in the original petition. Petition denied.

See, also, 172 Fed. 745, 752.

Jacobs & Jacobs, for petitioning creditors.
Charles E. Heywood, for alleged bankrupt.
Morse & Friedman, for objecting creditors.
Francis T. Leahy, pro se.

DODGE, District Judge. The original petition in this case was filed on September 23, 1908. Answers were filed by the alleged bankrupt and by two of its creditors, denying that there were three bona fide petitioning creditors. Petitions by other alleged creditors to join in the original petition were subsequently filed, and on December 1, 1908, the case was sent to the referee for ascertainment and report of facts upon the issues raised by the pleadings. The referee's report was filed January 28, 1909, and was to the effect that there were three petitioning creditors capable of maintaining the petition. Upon this report there was a hearing before the court on February 15 and 16, 1909, at which the respondents contended that the referee's conclusions were not warranted by the evidence before him. On February 25, 1909, before any decision by the court upon the questions in controversy, the present petitioner, Francis T. Leahy, filed the petition now to be considered, alleging himself to be a creditor and joining in the original petition of September 23, 1908. This petition the respondents move to dismiss, on the ground that it is filed too late.

Section 59f of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445]) provides that:

"Creditors other than original petitioners may at any time enter their appearance and join in the petition."

The words "at any time" are obviously not to be taken in any absolutely unlimited sense. The petition must at least be pending before the

court. If dismissed by final decree, it cannot be reinstated or revived by any application to join in it. Neustadter v. Chicago Dry Goods Co. (D. C.) 96 Fed. 830. But that section 59f gives to creditors the right to intervene and join in a petition at any time before it has been dismissed by the court seems to be recognized in all the decisions under the present act in which the question has presented itself. In re Romanow (D. C.) 92 Fed. 510; In re Bedingfield (D. C.) 96 Fed. 190, 192; In re Mackey (D. C.) 110 Fed. 356; In re Plymouth Cordage Co., 135 Fed. 1000, 68 C. C. A. 434; In re Tribelhorn, 137 Fed. 3, 69 C. C. A. 601; In re Lutfy (D. C.) 156 Fed. 873, 875. See, also, Collier, Bankruptcy (6th Ed.) 467; Loveland, Bankruptcy (3d Ed.) 262; Remington, Bankruptcy, § 213. It is true that in clause "d" of section 59 creditors notified of the pendency of the petition as there provided are required to join in it "prior to or during" the hearing; but, if this would exclude a creditor who wished to join after the case had been submitted, and while it had not yet been dismissed, clause "d" deals only with the cases in which the issue is whether or not the alleged bankrupt's creditors number less than 12, and in clause "f," which applies generally, the different provision "at any time" is used. It is true also that clause "f" undertakes to provide that creditors may answer the petition "at any time," that this is in direct conflict with section 18f, limiting the time for filing answers, and that section 18b has been held to govern the question. In re Mutual Mercantile Agency (D. C.) 111 Fed. 152. But there is no such conflicting provision in the act relating to the time within which intervention is allowable. If, notwithstanding the words "at any time," the court may hold a creditor barred from intervention by his own neglect to appear within a reasonable time (see In re Jemison Mercantile Co., 142 Fed. 966, 50 C. C. A. 641), the facts in this case as they are now presented do not seem to me sufficient to warrant such a disposition of the application to join.

My conclusion is that no sufficient reason for refusing to permit the petitioner Leahy to intervene appears, and that the motions to dismiss his petition must be denied.