In re FISCHER et al.

(Circuit Court of Appeals, Second Circuit. January 11, 1910. On Petition for Rehearing, January 21, 1910.)

No. 20.

BANKRUPTCY (§ 317*) — FEES — ALLOWANCE TO ATTORNEYS IN INVOLUNTARY PROCEEDINGS.

Attorneys, who filed a petition in involuntary bankruptcy for creditors, which was defective and insufficient to warrant an adjudication, which was made on a second petition by other creditors, are not entitled to an allowance of fees from the estate.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 493-495; Dec. Dig. § 317.*]

Petition to Review Order of the District Court of the United States for the Southern District of New York.

In the matter of Charles Fischer and others, bankrupts. Petition by Anselm Frankenthaler to revise an order of the District Court. Petition denied.

This cause comes here upon petition to revise an order denying a motion to resettle an order of the District Court, Southern District of New York, which confirmed a report of the special master and account of receiver.

Oppenheimer & Schreir, for petitioner.

Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. Without reciting the numerous motions and orders, it is sufficient to say that the petitioners here, who were the lawyers who filed the first petition in involuntary bankruptcy on May 25, 1908, contend an allowance should have been made to them as attorneys for petitioning creditors, instead of to the attorneys who filed the second petition (of different creditors) on May 26, 1908. It appears from the record that the first petition was defective, for the reason that it was filed by two creditors only, and did not aver that all the creditors of the bankrupt were less than twelve in number. We are satisfied that the decision of the special master and of the bankruptcy court is correct.

The petition to revise is denied.

On Petition for Rehearing.

In a memorandum handed down January 11, 1910, it was mistakenly supposed that the petition in involuntary bankruptcy was defective, and it was thought unnecessary to examine the record. Attention has been called to the fact that the petition was correct in form because, although signed by 2 creditors only, it averred, on information and belief, that the bankrupts "have creditors less than 12 in number." The record shows that, although correct in form, it was not so in fact; the affidavit of counsel showing that there are about 75 creditors. However, since there was no defect in form, the whole record may now be examined.

What the petitioner here is really seeking to revise is an order of the bankruptcy court which confirmed a report of the referee as to what allowances should be made to various counsel. That order was entered October 19, 1908, and no petition to revise it has ever. been filed. Instead of filing such petition, motion was made to resettle the order, not in substance, but by including therein a long enumeration of papers and proceedings. That motion was denied, and the order denying it is brought here for revision. We find no error in such refusal. The original order recited that the matter came before the court on the referee's report and motion to set it aside. If petition to revise such order in this court had been filed, there would have been no difficulty in presenting here all the papers and proceedings which were before the District Judge. It is common practice to allow parties to print and submit any such papers, and, in some instances where there is dispute between them as to what papers were before the District Court, to request the District Judge to certify thereto. It certainly was no error calling for the revisory action of this court to deny the insertion of the detailed recitals which were submitted on resettlement. The practice in bankruptcy is similar to that in equity. The eighty-sixth equity rule provides that there shall be no recitals in decrees or orders. Although in modern practice this is not always strictly adhered to, when some useful purpose would be subserved by departing from it, it cannot be held error in the bankruptcy court when such rule is followed.

While thus disposing of this petition, we may add that the subject of allowances to the respective counsel is one about which the referee and the bankruptcy court, entirely familiar with the proceeding, are much better able to determine than we could possibly be. Whether one counsel should receive $75 or $100, or whether a fee of $50 should go to one or the other of two competing attorneys, is a matter resting in the sound discretion of the bankruptcy tribunals.

The petition to revise is denied.