### In re J. B. JUDKINS CO.

(Circuit Court of Appeals, First Circuit. June 13, 1913.)

No. 1,023 (Original).

1. BANKRUPTCY (§ 440*)—APPELLATE PROCEEDINGS—MANNER OF REVIEW.

Where the facts upon which an order of a bankruptcy court was based were stipulated by the parties, the order involves questions of law only, and is reviewable by petition to revise under Bankr. Act July 1, 1898, § 24b, c. 541, 30 Stat. 553 (U. S. Comp. St. 1901, p. 3432).

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 915; Dec. Dig. § 440.*

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

2. BANKRUPTCY (§ 446*)—SUPERINTENDENCE AND REVISION—SCOPE OF REMEDY—DISCRETIONARY ORDERS.

The power given Circuit Courts of Appeals by Bankr. Act July 1, 1898, § 24b, c. 541, 30 Stat. 553 (U. S. Comp. St. 1901, p. 3432), to superintend

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

and revise in matter of law the proceedings of inferior courts of bankruptcy, does not authorize the revising court to exercise the discretion vested in the courts of bankruptcy, nor in ordinary cases to revise the exercise of such discretion.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 929; Dec. Dig. § 446.*]

Petition for Revision of Proceedings of the District Court of the United States for the District of Massachusetts, in Bankruptcy; Jas. M. Morton, Judge.

In the matter of the J. B. Judkins Company, bankrupt. On petition by bankrupt to revise order of District Court, and on motion to dismiss same. Motion overruled, and petition denied.

Harvey H. Pratt, of Boston, Mass., for petitioner.

Burton P. Gray, of Boston, Mass., for Moses C. Flanders.

Nathaniel N. Jones, of Boston, Mass., for Charles Wing Co.

Before PUTNAM and DODGE, Circuit Judges, and BROWN, District Judge.

PER CURIAM. In this case the J. B. Judkins Company, petitioner, was adjudged bankrupt on its own petition, the petition alleging it to be of Boston, and in due course the case was sent to the referee for the county of Suffolk. . On an application to the learned judge of the District Court, this reference was revoked, and a new reference was made to the referee for the county of Essex. The petition for the change of reference alleged that the domicile of the corporation was in Essex county, and that it would be inconvenient for the creditors to attend meetings in the county of Suffolk, and that the convenience of the general creditors and the majority of them would be best served by a reference to the referee for Essex county. The parties to the record filed an agreed statement, setting out sundry facts bearing on the domicile of the corporation, among which was the fact that the articles of agreement and the charter described the domicile as in Essex county. The judge thereupon revoked the reference, and directed a new reference, as already stated.

[1] Thereupon the bankrupt company filed a petition in this court under section 24, paragraph b, of the Bankruptcy Act of July 1, 1898 (30 Stat. 553, c. 541 [U. S. Comp. St. 1901, p. 3432]), which gives the Circuit Courts of Appeals jurisdiction on such petitions to "superintend and revise in matters of law the proceedings" of the courts of bankruptcy. Its purpose was to reinstate the original reference. Thereupon certain creditors filed a motion to dismiss on the alleged ground that no matter of law is involved, or, if one is involved, that it is coupled with a question of fact.

Without going into explanations, it is sufficient to say that, while the statement covers numerous details looking in different directions when taken separately, yet each detail is set out positively, leaving nothing in that respect to be found as a disputed matter; so that, taken altogether, the statement would require the court, in the event an issue went to the jury, to direct the jury to find a verdict pro or

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

con. This raises a "matter of law," in the broad sense of the expression in the statute referred to. Therefore the motion to dismiss must be denied.

Nevertheless an examination of the statement of facts, which with the other matters of record covers the entire case, demonstrates that the decision of the learned judge of the District Court was correct; so that, availing ourselves of the rule last stated in the Denver Water Company Case, 229 U. S. 123, 33 Sup. Ct. 657, 57 L. Ed. ——, decided by the Supreme Court on May 26, 1913, that, where the record covers substantially the entire case, the case may be disposed of finally in connection with an interlocutory motion, we not only deny the motion to dismiss, but we deny the petition.

[2] In Re Watkinson, 205 Fed. 145, decided May 13, 1913, we said that we passed by the question whether or not that petition raised any matter of law over which we had jurisdiction. We again pass by the same question, as not having been pointedly presented to us, noting, however, that the statute referred to relates to proceedings in matters of law which we can "superintend and revise." There is so much discretion given the courts of bankruptcy in the matter of selecting referees that we question whether we have the power to "superintend and revise" under circumstances like the present within the meaning of the statute; it being clear that we cannot exercise the discretion vested in the courts of bankruptcy, nor revise the exercise of their discretion in ordinary cases of this kind.

The motion to dismiss is overruled, the petition is denied, with costs, and a mandate will issue forthwith.