HALL v. REYNOLDS et al.

In re LEWIS PUB. CO.

(Circuit Court of Appeals, Eighth Circuit.   March 25, 1916.)

No. 4497.

BANKRUPTCY ⬱482(1)—ATTORNEYS' FEES—APPORTIONMENT.

    The allowance of $1,000 as attorney fees in this case *held* to be reasonable, and since the primary object of bankruptcy proceedings is the distribution of the bankrupt's estate to his creditors after the reasonable expenses of administration are paid, the court ought not to be called upon to settle differences between counsel for the petitioning creditors as to what proportion of the total sum allowed them jointly each should receive.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 874–876, 897;  Dec. Dig. ⬱482(1).]

Appeal from the District Court of the United States for the Eastern District of Missouri.

Bankruptcy proceeding against the Lewis Publishing Company. From an order of the District Court, affirming an order of the referee in bankruptcy, allowing Claud D. Hall and S. H. King a fee jointly for their services as attorneys for petitioning creditors, said Hall appeals. Affirmed.

Homer Hall, of St. Louis, Mo. (Claud D. Hall, of St. Louis, Mo., on the brief), for appellant.

W. C. Marshall and W. W. Henderson, both of St. Louis, Mo., for appellee King.

Stern & Haberman and Eugene H. Angert, all of St. Louis, Mo., for appellee Reynolds.

Before SANBORN and CARLAND, Circuit Judges, and TRIEBER, District Judge.

CARLAND, Circuit Judge.   This case was before the court at a former term on a petition to revise.   224 Fed. 103, 139 C. C. A. 659. It was there held that an appeal was the proper remedy for reviewing the questions sought to be reviewed.   The case is now here on appeal.

The appeal is from an order of the District Court confirming an order of the referee in bankruptcy which allowed Claud D. Hall and S. H. King jointly the sum of $1,000 for legal services rendered by them as attorneys for the petitioning creditors in the matter of the Lewis Publishing Company, a bankrupt, with a further allowance to Mr. Hall of $34.30 for costs advanced by him as such attorney.

We have carefully read the evidence in the record and are of the opinion that the concurring judgment of the referee and the District Court is just and right as to the amount to be allowed to the attorneys named for the services rendered.   We are also of the opinion that the court ought not to be called upon to settle differences between counsel as to what proportion of the total amount allowed each should receive. The primary object of bankruptcy proceedings is the distribution of the estate of the bankrupt to his creditors in equal proportions, after the reasonable expenses of administration are paid.

Judgment below affirmed.