In re GRANT et al.

(Circuit Court of Appeals, Second Circuit. November 14, 1916.)

Nos. 30, 31.

1. BANKRUPTCY ⟨⟩444—PETITION TO REVIEW—TIME FOR FILING.

Under bankruptcy rule 15 of the Southern district of New York, requiring a petition to review an order of the referee to be filed within 10 days after the order is made, unless such time is extended before or after the expiration of the 10 days by the referee or court, an order may be reviewed on petition filed more than 10 days after rendition, where the time was actually extended by the referee, although not embodied in his return.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 920–927; Dec. Dig. ⟨⟩444.]

2. BANKRUPTCY ⟨⟩446—ATTORNEYS' FEES—ALLOWANCE—APPEAL.

As the allowance of fees to the attorneys for the trustee in bankruptcy rests in the discretion of the trial court, whose discretion will not be reversed on appeal, unless abused, the denial of a petition to review the referee's allowance of such fees will not be reversed, where the court expressed satisfaction with the allowance, notwithstanding the denial was improperly based on the ground that the petition for review was not filed in time.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 929; Dec. Dig. ⟨⟩446.]

Petitions to Revise and Appeals from the District Court of the United States for the Southern District of New York.

In the matter of the bankruptcy of Peter Geddes Grant and Rufus E. Leavitt, individually and as copartners doing business under the firm name of Leavitt & Grant, and the firm of Leavitt & Grant.

Petition by Henry A. La Chicotte to revise an order dismissing a petition to review the referee's order approving the trustees' account, and to revise an order denying reargument of the petition to review. Petitioner also appeals. Affirmed.

This cause comes here from the United States District Court for the Southern District of New York on two petitions to review. One petition is to revise an order dismissing a petition to review a referee's order approving the trustee's account. The other petition is to revise an order denying a reargument of the petition to review.

Prince & Nathan and Henry M. Stevenson, all of New York City (Alfred B. Nathan and Sidney J. Loeb, both of New York City, of counsel), for trustee.

Franklin Taylor, of New York City (Joseph J. Zeiger, of New York City, of counsel), for petitioner.

Before COXE, WARD, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge. The petitioner is a creditor of the bankrupts to the extent of $45,947.20 and his claim has been filed and allowed. He is in this court objecting to the allowance made to the attorneys of the trustee on the settlement of the latter's accounts. It is alleged that the attorneys rendered services which were not alone necessary and difficult, but unusual; that there were several hundred creditors, with unusual credit liabilities in contrast to the smallness of the assets and estate; and that whatever assets were gotten in were only procured after litigation. Eight or nine separate actions were commenced against as many creditors. In most of them judgments were obtained, and in others compromises were made with the approval of creditors.

The trustee on July 1, 1915, filed his final accounts, and on July 29th the referee held a meeting of creditors to pass on the trustee's accounts and upon the petitions for allowance to the attorneys for the trustee. These petitions called attention to the fact that the sum of $1,500 had been already paid by the trustee to his attorneys "for and on account of services rendered and to be rendered." The payment of $1,500 had been made on June 26, 1913. At the meeting on July 29, 1915, the petitioner was represented by attorney and through him objected to any further allowances to the attorneys. Nevertheless the referee certified to the court that in his opinion the attorneys were entitled to more than twice the amount of the trustee's commissions as their allowance, but the District Judge refused the application for an additional allowance, and filed on September 27th a memorandum in which he declared that, "considering all parties, this estate has yielded as large fees as the result will permit." That order was never in terms vacated. An application was made by the trustee's attorneys before the District Judge to resettle the last-mentioned order, but that application was also denied.

A memorandum opinion was filed on November 18th, in which the judge said:

"The point now raised is whether, in computing the amount that the referee had power to award, there was to be taken into consideration a payment on account made to said attorneys before the present rule of court went into effect. I did not intend to prevent the attorneys from getting anything more than what had been paid to them years ago, and have always considered the rule now in force to apply to the present power of the referees. It is not necessary to resettle the order. It is held that a grant of double the trustee's commissions made by the referee was authorized, and all that was denied was anything more than that. A payment made before the present rule went into effect was presumptively earned at that time and is not to be counted. The referee is justified in countersigning a check for double the amount of the trustee's commissions in favor of the trustee's attorneys. There is no necessity for a new order."

The opinion above set forth contains erroneous statements of fact. The payment of $1,500 on account was made after, and not before, rule No. 8 went into effect. The payment was made in June, 1913, and the rule went into effect in February, 1913. This error, however, is not material in the view we take of the question presented to this court.

On January 21, 1916, the referee made orders in which he directed various allowances to the attorneys for their services and disbursements, which allowances aggregated $2,087.59. The petitioner filed his petition with the referee to review these last-mentioned orders in so far as they granted allowances to the attorneys to the extent of twice the amount of the trustee's commissions, without deducting therefrom the $1,500 previously paid. He alleged that the orders were in violation of rule 8 of Instructions to Referees in Bankruptcy of the Southern District of New York, adopted February 1, 1913. He also objected on the ground that it violated the unvacated order of the court of October 8, 1895, to which reference has heretofore been made. Thereafter, on February 11, 1916, the referee certified the questions for review under the petition to the District Court. After a hearing before the District Judge a memorandum opinion was handed down on February 26th. In that opinion the District Judge said:

"This opinion to review is plainly taken too late, as appears from the face of the return. It brings up nothing, and is therefore dismissed. I may add that Mr. Miller interpreted the decision of this court made by me on November 18, 1915, with entire correctness. It follows that, if the petition had been timely, the referee's decision would have been affirmed; but decision is put upon the ground that the attempted petition is invalid."

[1] The petition to review was not taken too late. Bankruptcy rule 15 of the Southern District of New York has to be filed with the referee within 10 days after the order is made, "unless such time is extended before or after expiration of said 10 days by the referee or the court." The time for filing the petition had actually been extended by the referee, but it was not embodied in the return from the referee. As the District Judge said in his opinion of March 1st, denying reopening, "the regularity of an appeal must be determined by the return made to the appeal." "Of course," he added, "I should not stand on a point so technical, if I were of opinion that there is anything in the petition to review. As stated in my late memorandum, Mr. Miller correctly interpreted my opinion. Therefore, even if the

appeal papers had been sufficient on their face, the result would be the same."

[2] It is evident that the District Judge is satisfied that the allowance made to the attorneys was a proper one, and that, if the papers upon which the petitioner relies had appeared in the record originally before him, they would not have altered his original determination of the matter. We are unable to see what good would be accomplished if this court should reverse the orders denying the petitioner the relief he asked. It is for the District Judge to determine the allowance to be made to the attorneys. This he has done, and he is satisfied with the amount fixed.

In a proceeding in bankruptcy there are many matters which are not governed by a fixed rule, but are confided to the sound judicial discretion of the judge. His decision in such cases may be brought before the Circuit Court of Appeals for review. But the Appellate Courts have established the rule that in such cases they will not reverse, unless the decision below was unmistakably wrong, or unless a plain abuse of discretion is shown. In re S. B. Judkins Company, 205 Fed. 892, 124 C. C. A. 205; Black on Bankruptcy, § 48.

We see no sufficient reason for revising or vacating the orders of the District Court, and for directing it to enter an order reversing the orders of the referee of January 21, 1916, as prayed.

The orders are affirmed.

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes