## PLEWS v. BURRAGE.

### (Circuit Court of Appeals, First Circuit. July 2, 1920.)

#### No. 1464.

**Injunction ⚌26(6)—Equity without jurisdiction of suit to establish res judicata constituting defense at law.**

> A defendant in an action at law in a federal court, relying upon res judicata, has a complete and adequate remedy by pleading it as a defense, and cannot maintain a suit in equity, based thereon, to enjoin the law action.

Appeal from the District Court of the United States for the District of Massachusetts; James M. Morton, Judge.

Suit by Albert C. Burrage against Arthur S. Plews. Decree for complainant, and defendant appeals. Reversed.

For opinion below, see 260 Fed. 1018.

Sherman L. Whipple, of Boston, Mass. (Alexander Lincoln, of Boston, Mass., on the brief), for appellant.

Boyd B. Jones, of Boston, Mass. (Henry F. Hurlburt and Philip N. Jones, both of Boston, Mass., on the brief), for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. Plews appeals from a final decree of the District Court for the District of Massachusetts enjoining him from prosecuting his action at law brought in said District Court against Burrage in August, 1918. The facts now material may be briefly stated:

In September, 1910, and January, 1911, by correspondence Burrage agreed to pay Plews 5 per cent. of all profits which might accrue to Burrage out of the acquisition by him of copper properties brought to his attention by Plews. This agreement is called the Plews commission note. Plews brought his suit at law on this commission note, alleging performance on his part, fiduciary obligation on the part of Burrage to disclose facts peculiarly within his knowledge as to the acquisition and value of such properties, and fraudulent concealment of such facts, with a resultant right in Plews to recover 5 per cent. in

stock or money of very large profits. Burrage thereupon brought this bill in equity, alleging that Plews had given Louis Ross an option on his commission note for £500; that Ross had assigned this option to Burrage, who had taken it up, paying the £500, thus acquiring all Plews' rights therein; that subsequently Ross had brought suit on behalf of himself and Plews on said commission note in the Massachusetts state court (233 Mass. 439, 124 N. E. 267), there disposed of by final decree for Burrage. Burrage sets up this decree as res adjudicata of the cause of action in Plews' suit at law. He alleges that this Ross-Plews suit, tried with another suit brought by Ross against Burrage solely in his own behalf, occupied in trial and arguments about 135 days, and involved Burrage in expenses of over $20,-000 for master's fees and stenographers' bills, besides fees for his own counsel. Burrage therefore asserts it to be unjust and inequitable that he should again be vexed and harassed by the prosecution of another suit on the Plews commission note. Plews moved to dismiss this bill, alleging:

(1) Want of equity;

(2) Complete and adequate remedy at law;

(3) Lack of identity between the cause of action in the Massachusetts court and the one sued upon in the District Court; and

(4) That Plews was not a party to the Massachusetts suit.

This motion was overruled, and Plews was temporarily enjoined. Subsequently he filed an answer, admitting certain facts and denying others. Burrage then filed motions to strike out certain parts of the answer for insufficiency, and for final decree. These motions were allowed, and a final decree entered, permanently enjoining Plews from prosecuting his action at law, and adjudging the decree in Burrage's behalf in the Massachusetts court to be final and conclusive against all rights now claimed by Plews.

Learned counsel have argued elaborately, orally and on briefs, the question as to whether the final decree in the Massachusetts court does or does not conclude all Plews' rights. Burrage strenuously contends that the causes of action are identical; that, if not identical, by amendment the cause of action now sued upon might and should have been included in the former suit; and that therefore Plews is now barred. Plews contends that the causes of action in the two suits are in essence different; that he discovered facts of controlling importance only at the trial of the Ross-Plews suit; that Ross was Burrage's agent in obtaining from Plews the option on his commission note; and that Plews was, in giving said option and in the subsequent transfer to Burrage, the victim of fraudulent concealment by Burrage.

It is not the present province of this court to determine the issue of res adjudicata, for we are of opinion that the District Court erred in denying the defendant's motion to dismiss on the ground of adequate and complete remedy at law. The sole basis of equitable jurisdiction is the contention that, because of the length and expense of the trial in which this issue is alleged to have been determined in the state court, Burrage is entitled to resort to equity, instead of pleading res adjudicata in his answer to Plews' suit at law and there trying out

that issue. On analysis, Burrage's proposition is that by proceeding as plaintiff, and not as defendant, and thus reversing the order of trial, he may avail himself more conveniently and promptly of the defense of res adjudicata than by the customary method of pleading it in his answer in the law suit.

Even if true in fact, which is far from clear, we think this proposition is not sound in law. R. S. § 723 (Comp. St. § 1244), provides:

"Suits in equity shall not be sustained in any court of the United States in any case where a plain, adequate, and complete remedy may be had at law."

This, of course, is but declaratory of the usual rule. Compare So. Pacific R. R. v. United States, 168 U. S. 1, 55, 18 Sup. Ct. 18, 42 L. Ed. 355, and cases cited; United States v. Bliss, 172 U. S. 321, 19 Sup. Ct. 216, 43 L. Ed. 463; Gray v. Coan, 36 Iowa, 296.

No case is cited, and we know of no case, which, under comparable conditions, lends any support to the proposition that a party relying upon res adjudicata has not a complete and adequate remedy by pleading this defense in a suit at law. It is not, and clearly it cannot be, contended that such defense cannot in the suit at law be pleaded as an absolute bar, nor that, when so pleaded, it will not be supported by exactly the same evidence requisite in the present suit in equity.

At just what stage of the trial of the law suit, and in exactly what form, this issue should be submitted for determination, it is not for this court in this case now to attempt to determine. Whether, when presented, the issue of res adjudicata will involve only a pure question of law to be determined by the court, or will involve a question for the jury, we cannot now know. Compare Harlow v. Bartlett, 170 Mass. 584, 591, 49 N. E. 1014; 23 Cyc. p. 1539, and cases cited under note 19; also 23 Cyc. p. 1543, and authorities cited.

If this issue should prove to involve a question of fact, on which the parties may have a constitutional right to a jury trial, the present attempt to assert equity jurisdiction would, if allowed to succeed, complicate—not simplify—the litigation. See, also, Foye v. Patch, 132 Mass. 105, and cases cited.

It is enough to observe that the District Court, sitting as a court of law, has large and flexible powers in adapting its machinery and procedure to the speedy and economical determination of the controlling issues in any law suit. This proposition is well illustrated by a very recent decision of the Supreme Court. In re Petersen, 253 U. S. ——, 40 Sup. Ct. 543, 64 L. Ed. ——, decided June 1, 1920; Peterson v. Davison (D. C.) 254 Fed. 625. In this case the Supreme Court has just held that the District Court has inherent power to appoint an auditor with a view to simplifying the issues to a jury. This had long been held in this circuit. Fenno v. Primrose, 119 Fed. 801, 56 C. C. A. 313. Compare Vermeule v. Reilly (D. C.) 196 Fed. 226; United States v. Wells (D. C.) 203 Fed. 146.

It is common practice in every court of law to frame special issues for a jury, and it is elementary that the order in which the evidence shall be adduced and the issues determined at the trial is largely within the discretion of the trial judge. Plews has in his law suit no ab-

solute and uncontrollable right to proceed with lengthy evidence, which may thereafter appear to be entirely immaterial, if Burrage's defense of res adjudicata is sustained.

The fact that under Massachusetts Revised Laws, c. 173, § 20, special pleas in bar are abolished, does not leave the District Court under compulsion to try at length issues which the defendant's answer will warn the court may prove to be entirely immaterial.

This case involves no multiplicity of suits. It may involve only the single question of res adjudicata. The fact—if it be a fact—that there may be a possible strategic advantage to Burrage in trying this issue in equity, rather than at law, does not show that his remedy at law is not plain, adequate, and complete within the meaning of the authorities, or warrant this court in attempting to deprive Plews of his right to a jury trial.

The decree of the District Court is reversed, and the case is remanded to that court, with directions to dismiss the bill, with costs; and the appellant recovers his costs of appeal.