## SUSQUEHANNA COAL CO. v. PRATT & YOUNG, Inc., et al.

(Circuit Court of Appeals, First Circuit. December 19, 1921.)

No. 1522.

1. **Injunction ☞26(3)—A defendant held not entitled to an injunction to restrain action at law.**

   A litigant insistent on formal proof of facts easily ascertained and ordinarily disposed of by stipulation cannot urge the resulting waste of labor, time, and money as a ground for removing the controversy, with the parties reversed into a court of equity.

2. **Injunction ☞26(6)—Action at law will not be enjoined where the issues can as well be determined therein as in equity.**

   Equity will not enjoin prosecution of an action at law where the issues tendered by defendant can be as efficiently and economically presented and determined therein as in equity.

3. **Appeal and error ☞1176(6)—Appellate court may direct dismissal of bill on appeal from interlocutory order.**

   Where it is apparent from the pleadings and record that complainant is not entitled to equitable relief, the Circuit Court of Appeals may direct dismissal of the bill on appeal from an interlocutory order.

Appeal from the District Court of the United States for the District of Massachusetts; James M. Morton, Judge.

Suit in equity by Pratt & Young, Incorporated, and others against the Susquehanna Coal Company. From an interlocutory decree granting an injunction, defendant appeals. Reversed, with directions to dismiss bill.

For opinion below, see 269 Fed. 667.

Richard W. Hale, of Boston, Mass. (Joseph N. Welch and Hale & Dorr, all of Boston, Mass., on the brief), for appellant.

Albert W. Rockwood, of Boston, Mass. (Henry F. Hurlburt and Damon E. Hall, both of Boston, Mass., on the brief), for appellees.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

PER CURIAM. This is an appeal from an interlocutory decree enjoining the appellant from maintaining its action at law against the appellee for the conversion of 45,600 tons of coal, part of a larger quantity of 93,756 tons alleged to have been converted by the A. H. Dollard Coal Sales Company and sold by it to the appellee.

The suit at law was brought in March, 1917. The appellee required formal proof that the coal purchased by it was a part of the lot converted by the Dollard Company. The case was consequently referred to an auditor, with the usual result of protracted hearings, past and prospective, in order to prove an identity which the appellee in its bill now alleges to be completely established, and upon which it now relies, in this suit in equity brought three years later, in April, 1920, as an essential part of the basis of its claim for equitable relief.

[1] A litigant, insistent on formal proof of facts easily ascertained and ordinarily disposed of by stipulation, cannot urge the resulting

waste of labor, time, and money as a ground for removing the controversy, with the parties reversed, into a court of equity.

[2] The appellee's real defense to the suit at law is now shown to be that, by conduct and various legal proceedings, the appellant waived the tort by the Dollard Company, transmuted the alleged conversion into a sale, and thus barred its action against the appellee for conversion. These issues as to whether there was such waiver or election by the appellant and its effect upon the appellee's rights can be as directly and easily tried and the rights of the parties as fully and justly determined in the suit at law as this suit in equity.

Assuming, without deciding, that the court below was correct in its view that the controversy, as now presented, involves no real issue of fact, but only purely legal questions, we cannot agree that the parties can approach a determination of the cause "only by way of long and expensive hearings before an auditor, and a long and expensive jury trial."

We think the method of pleading adopted by the parties in Plews v. Burrage (C. C. A.) 274 Fed. 881, shows that for such a controversy the procedure in a court of law is as flexible, economical, and efficient as in a court of equity.

The appellee has a plain, adequate, and complete remedy at law.

The case is governed by Plews v. Burrage (C. C. A.) 266 Fed. 347, which is not distinguishable from it, although in that case it was thought that there might be a question involving an issue of fact.

[3] While this is an appeal from an interlocutory decree, yet it is apparent from the pleadings and the record that the whole case is before us, and that the plaintiff is not entitled to equitable relief. In such a case our power of review is not confined to the decree granting the injunction, but extends as well to determining whether there is such insuperable objection in point of jurisdiction or merits to the maintenance of the bill that it should be dismissed. Denver v. New York Trust Co., 229 U. S. 123, 136, 33 Sup. Ct. 657, 57 L. Ed. 1101. See, also, In re J. B. Judkins Co., 205 Fed. 892, 124 C. C. A. 205, a case in this circuit.

The entry must be:

The decree of the District Court is reversed, and the case is remanded to that court, with directions to dissolve the temporary injunction and to dismiss the bill, with costs to the appellant.