In re DIAMOND FUEL CO.

(Circuit Court of Appeals, Second Circuit. March 2, 1925.)

No. 165.

1. Bankruptcy ⬤⇒88(2)—Other creditors may appear and join in involuntary petition at any time before adjudication.

Under Bankruptcy Act, § 59b (Comp. St. § 9643), creditors other than the original petitioners may as of right appear and join in an involuntary petition at any time before adjudication or dismissal of the petition, and they thereby acquire the status of petitioning creditors as of the date of filing of the original petition.

2. Bankruptcy ⬤⇒482(3)—Allowance of fee to attorneys for petitioning creditors discretionary.

Under Bankruptcy Act, § 64b (Comp. St. § 9648), attorneys for petitioning creditors in involuntary cases are entitled as of right to the allowance of one reasonable fee, but the amount of the fee is within the judicial discretion of the court, subject to review by the appellate court.

3. Bankruptcy ⬤⇒446—Allowance of attorney's fees will not be reversed, unless unmistakably wrong, or an abuse of discretion is shown.

An order of the District Court allowing attorney's fees will not be reversed, unless unmistakably wrong as matter of law, or an abuse of discretion is shown.

4. Bankruptcy ⬤⇒482(3)—Division of fees between attorneys for petitioners and for intervening creditors held error.

Where an involuntary petition has not been held invalid or insufficient, and the attorneys for petitioners have done their full duty, and conducted the case with the usual professional skill and ability, it is error to divide the "one reasonable fee" allowable to the attorneys for petitioning creditors, under Bankruptcy Act, § 64b (Comp. St. § 9648), between them and attorneys for intervening creditors who appear and join in the petition.

Manton, Circuit Judge, dissenting.

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of the Diamond Fuel Company, bankrupt. Petition of Thomas F. Barrett to revise an order of the District Court dividing the fees allowed to attorneys for petitioning creditors. Reversed, with direction.

This cause comes here on petition to revise an order allowing the sum of $13,500 to Thomas F. Barrett, Nash Rockwood, and Stetson, Jennings & Russell jointly as attorneys for petitioning creditors in the above-entitled bankruptcy proceeding.

It appears that the Diamond Fuel Company is a corporation of the state of Delaware, but had its principal place of business in the city and state of New York. An involuntary petition in bankruptcy was filed against it on behalf of three of its creditors, the Pittsburgh & West Virginia Coal Company, the H. M. Crawford Coal Company, and the Boulder Coal Company. The claim of the first of these companies was for $8,225.10. The claim of the second was for $1,653. The claim of the third was for $3,544.33. The aggregate amount of their claims was $13,422.43. Thomas F. Barrett, a lawyer having an office in Fairmont, W. Va., and Nash Rockwood, a lawyer of New York City, acted as the attorneys for these petitioning creditors. The petition of these creditors was filed on February 25, 1921. In March 1921, the Diamond Fuel Company filed its answer to the petition above referred to, and denied its insolvency, and it denied that it had committed any act of bankruptcy as had been alleged in the petition. It also denied that it owed the Pittsburgh & West Virginia Coal Company any amount whatsoever.

On September 14, 1921, an intervening petition was filed in the District Court by Law & McCue, attorneys, of Clarksburg, W. Va., and by the Morgantown Coal Company, which is a West Virginia corporation, with its principal place of business at Morgantown, in that state. The petition alleged that Law & McCue and the Morgantown Coal Company were creditors of the Diamond Fuel Company in amounts specified; Law and McCue claiming $2,742.50 in excess of securities held by them, the claim being for legal services, and the Morgantown Coal Company claiming $1,698.32 in excess of securities held by it. It further stated that a petition had been filed in the court on February 25, 1921, asking that the Diamond Fuel Company be adjudged an involuntary bankrupt, that no adjudication had been had thereon, and that the petitioners desired to join in the petition that the Diamond Fuel Company might be adjudged an involuntary bankrupt. The petition was filed by Stetson, Jennings & Russell, of New York City, as attorneys for the petitioners.

On September 19, 1921, an order was entered in the District Court granting the petition to be permitted to intervene. Thereafter, and on September 30, 1921, the Canute Steamship Company, Limited, a corporation organized under the laws of the kingdom of Great Britain and Ireland, and the Compania Naviera Sota y Aznar, a corporation organized under the laws of the kingdom of Spain, made application to the court for an order permitting them to appear and file an answer in the pending bankruptcy proceedings against the Diamond Fuel Company; and an order was entered on October 10, 1921, permitting them to appear in the proceedings, and directing that the answer which they had annexed to and filed with their moving papers be accepted as the answer of the said creditors to the petition filed against alleged bankrupt. The answer so accepted alleged that the Canute Steamship Company, Limited, and the Compania Naviera Sota y Aznar were creditors of the alleged bankrupt, and it denied that the petitioning creditors were creditors of the Diamond Fuel Company and had provable claims against it, and further denied that the Diamond Fuel Company was insolvent, or that it had committed an act of bankruptcy, as alleged in the petition of the petitioning creditors. They denied that the Pittsburgh & West Virginia Coal Company, one of the petitioning creditors, had a provable claim against the alleged bankrupt, or that the latter owed that company any amount whatever; and they asked that the petition in bankruptcy be dismissed.

The alleged bankrupt, after having filed its answer to the petitioning creditors, already referred to, subsequently withdrew it; and the matter of the adjudication came before the District Judge, who filed an opinion on March 6, 1922. He stated that it was clear that the Diamond Fuel Company was insolvent, and that it had given a preference while insolvent, and that "upon the whole case an adjudication must be granted." The order of adjudication was accordingly entered on the same day, and the matter was referred to one of the referees in bankruptcy to take such further proceedings as were required by the Bankruptcy Act.

From that order an appeal was taken to this court by the answering creditors, the Canute Steamship Company, Limited, and the Compania Naviera Sota y Aznar; and this court affirmed the order of the court below and stated that "we agree with the court below that this conveyance [made by the

Diamond Fuel Company] and its preferential nature are fully proven and find it unnecessary to discuss this matter further." In re Diamond Fuel Co., 283 F. 108. This case was then taken to the Supreme Court of the United States on writ of certiorari and was there unanimously affirmed. Canute S. S. Co. v. Pittsburgh & West Virginia Coal Co., 263 U. S. 244, 44 S. Ct. 67, 68 L. Ed. 287.

The attorneys for the original petitioning creditors, on February 24, 1924, filed a petition in the District Court asking for an allowance of counsel fees. A petition for an allowance of counsel fees was also filed on behalf of counsel for the intervening petitioners. The matter came on for hearing before the referee, who recommended an allowance to counsel for the petitioning creditors of $12,500, to be shared in by the counsel for the intervening creditors as well as by the counsel for the original petitioning creditors. On a motion to confirm that report the District Judge increased the amount of the allowance to $13,500, and entered an order allowing the counsel for the petitioning creditors and those for the intervening creditors to share in the allowance. Thereupon, and on August 14, 1924, a petition to revise was filed in this court on behalf of the attorneys for the original petitioning creditors. It alleged that the order of the United States District Court is erroneous in matter of law, because it allows the counsel for intervening creditors to participate and share in the allowance of $13,500, which amount, it is claimed, the counsel for the petitioning creditors are alone entitled to receive under the law.

Frank M. White, of New York City (R. H. McNeill, of Washington, D. C., of counsel), for petitioner.

Stetson, Jennings & Russell, of New York City (Theodore Kiendl and Frederic W. Girdner, both of New York City, of counsel), appearing pro se as respondents.

Before ROGERS, MANTON, and HAND, Circuit Judges.

ROGERS, Circuit Judge (after stating the facts as above). It appears, from the statement of facts which precedes this opinion, that a petition was filed on behalf of three creditors, who asked to have the Diamond Fuel Company adjudged a bankrupt, on the ground that it had committed an act of bankruptcy by granting a preference within four months of the time of filing the petition, and was insolvent. Before the mat-

ter was adjudicated, and pending investigations, which were being carried on by the attorneys who had filed the petition, relative to the alleged bankrupt's affairs, a petition was filed on behalf of two other creditors. This was filed some seven months after the original petition was filed, and long after the time had expired within which the alleged preferential deed could have been attacked, had it not been for the filing of the original petition. The petition for the intervening creditors stated no reason why they should be permitted to intervene. It did not question in any way the validity and sufficiency of the original petition, or cast the slightest reflection upon the manner in which the counsel for the original petitioners were conducting the proceeding, nor was it intimated that the matter of final adjudication was being unduly delayed, or that the interests of the intervening creditors were likely in any way to be prejudiced unless they were permitted to intervene. The only reason they assigned was that they desired to join in the petition which had been previously filed. Neither was it necessary that the petition should contain any such allegations. This application to be permitted to join is a right secured to creditors by Bankruptcy Act, § 59f (Comp. St. § 9643), which provides that creditors other than original petitioners may at any time enter their appearance and join in the petition. An order was entered on September 19, 1921, permitting the intervention.

[1] Section 59f of the Bankruptcy Act declares that "creditors other than original petitioners may at any time enter their appearance and join in the petition, or file an answer and be heard in opposition to the prayer of the petition.". By granting the application to be permitted to intervene, or to use the specific language of the Bankruptcy Act to be permitted to "join in" the original petition, the intervening creditors thereby necessarily acquired the status of petitioning creditors as of the date on which the original petition was filed. This right of additional creditors to come in, being a right secured to them by law, is not limited in time, and it has been held that they may come in at any time before final judgment is rendered on the original petition; that is, before the court either makes the adjudication or dismisses the petition. In re Freeman Cotting Coat Co. (D. C.) 212 F. 551; In re Lewis F. Perry & Whitney Co. (D. C.) 172 F. 744; In re Plymouth Cordage Co., 135 F. 1000, 68 C. C. A. 434; In re Ryan (D. C.) 114 F. 373; In re Frisbee,

Fed. Cas. No. 5,129; In re Lacey, Fed. Cas. No. 7,965.

[2] The provision in the Bankruptcy Act authorizing the allowance of counsel fees to the attorneys for the petitioning creditors is contained in section 64b (Comp. St. § 9648), and is as follows: "The debts to have priority, except as herein provided, and to be paid in full out of bankrupt estates, and the order of payment shall be * * * (3) the cost of administration, including * * * one reasonable attorney's fee, for the professional services actually rendered, irrespective of the number of attorneys employed, to the petitioning creditors in involuntary cases. * * * "

In case of an adjudication the attorney for the petitioning creditors is entitled to this fee as of right, and its allowance or refusal is not a matter within the discretion of the court of bankruptcy. In re Curtis, 100 F. 784, 41 C. C. A. 59. But the amount of the fee to which the attorney is entitled in such cases does not rest in the arbitrary discretion of the court, but is within its judicial discretion, subject to review by the appellate court.

The counsel for the original petitioning creditors, in their application for an allowance of fees, asked for the sum of $30,000, together with an allowance of $909.59 for expenses actually incurred. In their petitions for allowance they set forth in much detail the services they rendered extending over a considerable period of time, and which included their service in getting at the facts which justified the filing of the original petition, and in successfully conducting the case in the District Court, the Circuit Court of Appeals, and the Supreme Court. It is stated in their petition that "in not a single instance was an order asked for in any of the courts that was not opposed in most instances by counsel for the preferred creditors and continuously by the opposing creditors. But in every instance your petitioner was sustained, and the order allowed and entered by the court, and further that not a single proceeding was participated in, from the time of the filing of the original and involuntary petition herein by your petitioner and associate counsel, until the final disposition of all matters involved herein in the Supreme Court of the United States, that did not result successfully for the bankrupt estate." And it is very evident that the preliminary investigations which it was necessary for them to make, and which were carried on for a very considerable period prior to the filing of the petition, were of great

importance, and conducted under great difficulties, and resulted in very substantial benefits to the bankrupt's estate, enabling them to file the involuntary petition which is the basis of the subsequent proceedings.

The counsel for the intervening petitioners applied to the District Court for an allowance of an attorney's fee of $5,000, together with an allowance for $476.34 for their disbursements and expenditures. The petition filed on their behalf sets forth in some detail the services rendered by them after the petition to be permitted to intervene was granted. The petition for attorney fees indicates that it is chiefly based on the assumption that the original petition was defective, and that the decision in the District Court, which adjudicated the fact of bankruptcy, was made possible because the petition of the intervening creditors cured the defect in the original petition, by bringing in a third creditor; the original petition, they would have us understand, being defective, in that one of the three creditors who signed it was not shown to have been a creditor, so that, if the petition of the intervening petitioners had not been filed, the whole proceeding would have failed, and in support of that contention their petition for allowance sets forth quotations from the opinions rendered in the District Court, the Circuit Court of Appeals, and the Supreme Court.

[3] As this case comes here on petition to revise, this court is not asked to increase or diminish the amount of the allowance. We can simply review the question of law, which is whether the order entered in the District Court was erroneous in law, in that it directed that the counsel for the intervening petitioners should share with the counsel for the original petitioning creditors in the fee of $13,500 awarded to the attorneys, or whether the fee so fixed should have been directed to be paid solely to the attorneys for the original petitioning creditors.

This court, in Re Grant, 238 F. 132, 151 C. C. A. 208, again had before it an appeal from an allowance of fees to the attorneys for the bankrupt. We declined in that case to interfere and said: "In a proceeding in bankruptcy there are many matters which are not governed by a fixed rule, but are confided to the sound judicial discretion of the judge. His decision in such cases may be brought before the Circuit Court of Appeals for review. But the appellate courts have established the rule that in such cases they will not reverse, unless the decision below was unmistakably wrong, or unless a plain abuse of discretion is shown. In re S. B. Judkins Co., 205 Fed. 892, 124 C. C. A. 205; Black on Bankruptcy, § 48." We adhere to what the court said in that case. We have the right to review such cases for the purpose of ascertaining whether the court below has proceeded, in our opinion, contrary to correct principles of law, or has in some way abused the sound discretion with which it is invested by the Bankruptcy Act.

This court, in the earlier case of In re Fischer, 175 F. 531, 99 C. C. A. 153, had before it a petition to revise an order fixing the attorneys' fees. It appeared in that case that a petition in involuntary bankruptcy was filed. It was signed by two creditors only; and on the day after it was filed other attorneys filed a second petition of different creditors. The court below, in fixing attorney fees, made the allowance to the attorneys who filed the second petition, disregarding those who filed the first one. This court (Judges Lacombe, Coxe, and Ward) denied the petition to revise. Although signed by two creditors only, it averred on information and belief that the bankrupts had "creditors less than 12 in number," and an affidavit showed that there were about 75 creditors. As there was no defect in form, the court proceeded to examine the whole record.

The court, on rehearing, adhered to its former conclusion for reasons having no relation to the question now under consideration, and denied the petition to revise. It disposed of the question as to the attorney's fee in a brief concluding paragraph, which contained all that it had to say upon that subject. The court said: "While thus disposing of this petition, we may add that the subject of allowances to the respective counsel is one about which the referee and the bankruptcy court, entirely familiar with the proceeding, are much better able to determine than we could possibly be. Whether one counsel should receive $75 or $100, or whether a fee of $50 should go to one or the other of two competing attorneys, is a matter resting in the sound discretion of the bankruptcy tribunals."

This court, in the above case, evidently thought that the bankruptcy court had not abused its discretion in denying to the counsel who filed the first petition any attorney fee whatever, although it indicated that, if the court below had divided the fee between the two attorneys, it would have acted with-

in its sound discretion. We do not, in this case, consider ourselves concluded by that decision, which no doubt was justified under the circumstances of that particular case. That case differs from this, in that it was determined in that case that the first petition, although correct in form, was in fact defective. In the present case it has never been decided that the first petition, which was in form correct, was in fact insufficient. That this is so appears from the opinion of the Supreme Court, to which we shall presently refer. The original petition was signed by three creditors. It is admitted by all that two of those creditors had valid claims against the bankrupt. The claim of the, third, the Pittsburgh & West Virginia Coal Company, was challenged.

In the answer filed by the bankrupt, which denied insolvency and that it had given a preference, it was also denied that the Pittsburgh Company had a provable claim against it. Then on the day on which the case was heard before the bankruptcy court, and at the beginning of the hearing, and before other proceedings had been taken, the bankrupt appeared by its counsel and presented to the court resolutions passed by its directors, and approved in writing by all of its stockholders, authorizing its counsel to withdraw its answer and admit *all* the allegations contained in the original petition for creditors. This admission of the bankrupt of the truth of "all the allegations" contained in the original petition of the creditors included the allegation that the bankrupt was indebted to the three petitioning creditors in the amount they claimed. But there still remained the answer of the objecting creditors, who denied that the bankrupt was indebted to the Pittsburgh & West Virginia Coal Company, one of the three original petitioning creditors. If the Pittsburgh & West Virginia Coal Company was not a creditor at the time the original petition of the creditors was filed, the petition, while correct in form, was insufficient in law. For Bankruptcy Act, § 59b, provides that three or more creditors having provable claims which amount in the aggregate in excess of securities held by them, if any, to $500 or over, may file a petition to have the debtor adjudged a bankrupt. But, if all the creditors are less than 12 in number, any one of them, whose claim equals $500, may file a petition to have him adjudged a bankrupt.

This left as the sole challenge the provability of the claim of the third creditor, the Pittsburgh Company, the answer filed by the two opposing creditors, the Canute Steamship Company, Limited, a British corporation, and the Compania Naviera Sota y Aznar, a Spanish corporation. That answer denied (1) that the Diamond Fuel Company was insolvent; (2) that it had given a preference; (3) that the Pittsburgh Company had a provable claim in any sum whatsoever. The District Court found flatly against the first two of these allegations, and intimated strongly its adverse opinion of the third, but did not find it necessary to decide it, as it involved a somewhat complex question, and the petition of the intervening creditors supplied the necessary third creditor. When the case reached this court, we found it, for the same reason, unnecessary to pass upon the validity of the claim, and made no intimation concerning it. The Supreme Court took the same position. Justice Sanford, writing for that court, said:

"On the hearing before the District Court on pleadings and proof, the fuel company withdrew its answer and consented to an adjudication. The case was then heard on the issues raised by the answers of the opposing creditors. The District Judge, intimating, but not determining, that by reason of certain matters, not necessary to be recited, the opposing creditors were estopped from denying that the Pittsburgh Company was a creditor, held that, independently of this question, any defect of parties which might otherwise have resulted was cured by the joinder of the two intervening creditors having valid claims, and, finding that the allegations of the petition for bankruptcy were otherwise sustained by the proof, an order. was entered adjudging the fuel company a bankrupt. Upon appeal by the opposing creditors, the Circuit Court of Appeals, assuming, but not deciding, that the Pittsburgh Company was not a creditor, nevertheless affirmed the order of adjudication, on the ground that the question of its claim was immaterial, in view of the joinder of the intervening petitioners supplying the requisite number of creditors. 283 F. 108." Canute S. S. Co. v. Pittsburgh & West Virginia Coal Co., 263 U. S. 244, 44 S. Ct. 67, 68 L. Ed. 287.

[4] It thus appears that the original petition has at no time been held either invalid or insufficient. On the contrary, it has been decided in all the courts that it was sufficient to give the bankruptcy court jurisdiction of the proceeding. It also appears that

it was filed within three days of the expiration of the period within which it had to be filed in order to attack the preferential deed; and if it had developed at the hearing that the claim of the third creditor in the original petition was not a provable claim, we see no reason why that petition might not have been amended and the defect cured by bringing in another creditor.

We come now to the consideration of the meaning of that provision in the Bankruptcy Act which allows "one reasonable attorney's fee" for services actually rendered, irrespective of the number of attorneys employed, to the petitioning creditors in involuntary cases. In undertaking to answer that question we find little help in the adjudicated cases. We have no doubt that, if the bankruptcy court concludes that the attorneys for the petitioning creditors are for any reason unequal or inadequate to conduct the case, or that they are not doing it as they should, the court, allowing an intervening petition to be filed for other creditors, may permit the attorneys who act for such creditors to share in the "one reasonable fee" authorized by the Bankruptcy Act, or may under some circumstances award the whole of the "one" fee to the attorneys for the intervening creditors. But if the attorneys who file the original petition have done their full duty, and conducted the case with the usual professional skill and ability, there would seem to be no actual necessity for an intervention, and in such cases no reason in our opinion exists why the "one reasonable fee" should be divided between the attorneys who filed the original petition and those who filed an intervening petition.

We have seen that creditors other than original petitioners may *at any time* enter their appearance and join in the petition. We do not, however, believe that in providing for "one reasonable attorney's fee" it was the intention that that fee should be divided between the attorneys for the petitioning creditors and all other attorneys who represent other creditors, and who for reasons of their own exercise the right at any time to enter their appearance and join in the petition. To give to the act such a meaning, it seems to us, would be inequitable and work an injustice. We do not think that Congress intended such a construction should be given to the act.

We concede, however, that circumstances may exist under which the "one reasonable attorney's fee" provided for in the act should not be allowed solely to the attorneys who filed the original petition. We do not now undertake to lay down any absolute rule on the subject, defining the circumstances under which such a division of the "one fee" should or should not be allowed. Each case must depend on its own circumstances, and much must be left to the discretion of the bankruptcy court.

In an earlier part of this opinion we have referred to the services rendered by the attorneys for the petitioning creditors, and the obstacles they had to overcome in unearthing the facts which enabled them to file the petition which gave the court jurisdiction to adjudicate the Diamond Fuel Company a bankrupt; and it is proper now to add to what we have said on that subject the fact that at the argument in this court counsel for the intervening petitioners was asked, by one of the court, whether he had any criticism to make as to the competency or skill of the attorneys for the original petitioners, or whether they had left undone anything they should have done, or been in any wise negligent in the performance of their full duty. He answered the inquiry frankly, and stated that there was not only no such criticism, but that quite the contrary was the case.

We think that, if attorneys for interveners purpose to claim any share in the "one" attorney's fee authorized by the statute, they should in advance secure the consent of the court to be associated with the attorneys for the petitioning creditors, so that the latter may be advised from the outset that the work is done in collaboration with them. It seems to us only productive of uncertainty, and in the end of possible injustice, to allow the attorneys for the petitioning creditors to go on under the reasonable supposition that they are in sole charge of the prosecution of the proceedings, and find at their conclusion the attorneys for the interveners all along have been their partners, and are insisting on a right to be permitted to share in the "one" fee.

It not appearing from any of the facts disclosed in the record that any actual necessity existed for the assistance of the interveners' attorneys, we are of the opinion that the division of the "one" reasonable attorney's fee between the attorneys who filed the original petition and the attorneys who filed the intervening petitions was error.

The order of the District Court is reversed, with direction to enter an order directing payment to the attorneys for the petitioning creditors of the amount of $13,-500, which that court found to be the "one

reasonable attorney's fee" payable under the act.

MANTON, Circuit Judge (dissenting). The Supreme Court pointed out, when this cause was before it, that the intervening creditors who "joined in the original petition necessarily acquired the status of petitioning creditors as of the date on which the original petition was filed," and held that they may thereafter avail themselves of its allegations, including those relating to the commission of the act of bankruptcy, as fully as if they had been original petitioners. The consolidation by order of the court before the adjudication classified all the creditors who had intervened as petitioning creditors under section 64b of the Bankruptcy Act. While it was the right of creditors to thus intervene, we must assume that good reason was shown for such intervention, and that after the grant these creditors were entitled to all the privileges and were burdened with all the obligations of the petitioning creditors referred to under section 64b. The statute is plain in permitting an allowance to be granted by the court to attorneys for the petitioning creditors. The firm of attorneys who represented the interveners are within the meaning of this statute. McCracken v. McLeod, 129 F. 621. The authority cited, although in the District Court, is a well-considered opinion.

The work and services performed by the counsel for the intervening creditors, after they became counsel for the petitioning creditors, was apparently desired, and certainly helpful and fruitful of result. They ably represented the petitioning creditors, contending for the argument in support of the claims that acts of bankruptcy were committed and assisted materially in securing the adjudication. The division of the fee allowed is another matter. But the right to an allowance for such services is plain. In re Southern Steel Co. (D. C.) 169 F. 702; Hall v. Reynolds, 231 F. 946, 146 C. C. A. 142; In re Consolidated Distributors (C. C. A.) 298 F. 859. Services rendered by attorneys for the class of creditors who have become petitioning creditors, and which are beneficial to the estate, should be compensated for. Because counsel rendered such services, and are entitled to compensation under the act, I cannot agree with the prevailing opinion. Randolph & Randolph v. Scruggs, 190 U. S. 553, 23 S. Ct. 710, 47 L. Ed. 1165.

I dissent.