## In re LEHRENKRAUSS et al.

### No. 25564.

District Court, E. D. New York.
Dec. 16, 1935.

See, also (D.C.) 12 F.Supp. 491.

Archibald Palmer, of New York City, for trustees.

Silberman & Steinfeld, of Brooklyn, N. Y., for intervening petitioning creditor.

BYERS, District Judge.

There is before the court for consideration the supplemental report of the Referee in Bankruptcy, dated December 7, 1935, filed December 12th, touching the subject of a petition for allowance by the attorneys for an intervening petitioning creditor; the original report of September 14, 1935, was thought to be susceptible of helpful supplement if evidence were to be taken on the disputed question of fact involved, namely: Did the petitioners render services which contributed to the adjudication?

The court remitted back to the Referee this one of the subjects comprehended in the first report, in order that his final conclusion might be based upon the evidence pro and con.

It should be obvious that the court had no intention of doing other than to afford the petitioners an opportunity to present their evidence.

The Referee has rightly concluded that the court did not mean to suggest anything at all respecting either the law or the facts.

The supplemental report contains the following:

"I do not think the testimony adduced by the petitioners shows that their services contributed to bringing about the adjudication, or for that matter that they ever had any such end in mind."

That finding is presumptively correct (General Orders 47 [11 U.S.C.A. following section 53]).

A reading of the testimony and examination of the citations from the proceedings before the Special Master in the 21-a examination suggests nothing to impair the presumption.

In order to reach a contrary conclusion, it would be necessary to find that the attorney for the petitioning creditors was mistaken in his testimony concerning his receipt of information from Silberman, and the use that he made of it. No one but

himself could have knowledge on that subject, and this court is unwilling to believe that he would deliberately misstate the facts, or that his memory is so infirm upon the subject that his testimony must be rejected. Either of those two constructions would have to be applied, if the Referee's finding is to be rejected.

The decision of In re Diamond Fuel Co. (C.C.A.) 6 F.(2d) 773, furnishes a safe guide in this case. The Referee's report will be confirmed.

Settle order.