### DESPRES et al. v. GALBRAITH.

(Circuit Court of Appeals, Eighth Circuit. March 28, 1914.)

No. 4045.

1. BANKRUPTCY (§ 76*)—INVOLUNTARY PROCEEDINGS—PERSONS ENTITLED TO FILE PETITION—"CREDITOR."

Where a debtor made an assignment for the benefit of creditors, creditors who became voluntary parties to the assignment contract were absolutely disqualified from filing an involuntary petition in bankruptcy based upon the assignment as an act of bankruptcy, since that would permit them to take advantage of their own wrong and, moreover, by assenting to the assignment contract they released their claims against the assignor and in place thereof accepted claims under the assignment, and therefore were not creditors within the provision authorizing creditors to file a petition in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 50, 56, 97, 99, 100; Dec. Dig. § 76.*

For other definitions, see Words and Phrases, vol. 2, pp. 1713–1727; vol. 8, pp. 7622, 7623.]

2. BANKRUPTCY (§ 161*)—PREFERENCES—VOIDABILITY—COMPUTATION OF FOUR MONTHS' PERIOD.

An involuntary petition in bankruptcy based upon an assignment for the benefit of creditors as an act of bankruptcy and filed by creditors who voluntarily became parties to the assignment contract was void for want of proper petitioners, and an intervening petition thereafter filed by creditors not parties to the assignment contract could draw no support therefrom, and hence payments more than four months before the filing of the intervening petition were not preferential, though made within four months prior to the filing of such void petition.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 261–263; Dec. Dig. § 161.*]

Appeal from the District Court of the United States for the District of Minnesota; Charles A. Willard, Judge.

Bankruptcy proceeding against the Ordemann-Wagner Clothing Company. From an order affirming findings of the referee that certain payments were preferential, Samuel Despres and others appeal. Reversed and remanded, with instructions.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Carey W. Rhodes, of Chicago, Ill. (Robert E. Olds, of St. Paul, Minn., on the brief), for appellants.

Kay Todd and Harold C. Kerr, both of St. Paul, Minn., for appellee.

Before SANBORN and CARLAND, Circuit Judges, and RINER, District Judge.

RINER, District Judge. The referee found that appellants, at various times between the 14th day of October and the 24th day of December, 1911, had received from the bankrupt certain sums of money aggregating $1,000, and that such sums were preferential payments and therefore disallowed the unsecured claim of the appellants, proved in the sum of $2,487.50, unless within ten days from the date of the order appellants should return to the trustee the $1,000 so received by them; and this is an appeal from an order of the district court affirming the findings of the referee.

On the 30th. day of December, 1911, the bankrupt made a general assignment for the benefit of its creditors to one John P. Galbraith. The assignment contract contained, among other things, the following provision:

"In consideration of the foregoing covenants the parties of the third part hereby release said party of the first part from all liability on the amounts due them, they covenanting that all claims against first party are by this agreement satisfied in full."

A number of creditors of the bankrupt accepted the provisions of the assignment contract in writing. February 1, 1912, three of the creditors, parties to the assignment contract and who had assented thereto in writing, filed a petition in bankruptcy against the Ordemann-Wagner Clothing Company, the bankrupt herein. The bankrupt answered, and on the 2d of May, 1912, the referee entered an order dismissing the petition. June 1, 1912, exceptions were filed to the order made by the referee, but no action was ever taken thereon by the court. June 3, 1912, an intervening petition was filed by three creditors not parties to the assignment contract; and on July 23, 1912, an order of adjudication was entered by the court reciting that it was based both upon the original petition of February 1, 1912, and the intervening petition filed June 3, 1912.

Two principal contentions are made by the appellants: First, that the original petition was void for the reason that all of the parties thereto were parties to the assignment contract, and, the execution of that contract being the only act of bankruptcy complained of, they could not maintain an involuntary petition in bankruptcy against the debtor with whom they had thus contracted, and, that being true, the intervening petition filed on June 3d did not have the effect of validating the first petition. Second, that the payments made to the appellants by the bankrupt were not preferential for the reason that they were made pursuant to a consignment contract entered into between the bankrupt and appellants on the 16th day of May, 1911, in which it was provided, among other things, that the consigned goods "are to remain the property of Despres-Loewenstein & Co. and are subject

to their call"; and that this consignment contract was in legal effect a conditional sale, and the title to the goods remained in the appellants until payment therefor was made in the manner provided by the contract.

[1, 2] The importance of the first contention rests in this: If "the filing of the petition" within the meaning of the provisions of the bankruptcy act concerning unlawful preferences has relation to the filing of the petition by the three creditors on February 1st only, the preference, if it was a preference, which appellants received, would be defeated, for the reason that less than four months had elapsed since the last payment was made. If, on the contrary, it can have relation only to the filing of the intervening petition, the alleged preference would be protected because more than four months had then elapsed.

This brings us at once to consider what effect, if any, the filing of the petition on February 1, 1912, by the three creditors who were parties to the assignment contract, had upon the rights of the parties in interest here. It has been repeatedly decided by this court that where a petition was defective merely, as, for example where a petition was filed by one creditor only who alleged that the debtor had less than twelve creditors known to him, and it was subsequently discovered that there were more than twelve creditors, and therefore the petition must be filed by more than one creditor, the requisite number of creditors might join with the original petitioner prior to adjudication, and that in such case the "filing of the petition" within the meaning of the bankruptcy act would relate back to the date of the filing of the original petition by the one creditor. First State Bank v. Haswell, 174 Fed. 209, 98 C. C. A. 217, and cases there cited. In such case the petition will not be void but voidable only and subject to amendment. But we have here, as we view it, a very different case. The three creditors filing the first petition were absolutely disqualified from filing an involuntary petition in bankruptcy by reason of becoming voluntary parties to the assignment contract, as much so as if they had been strangers to the entire proceeding, and it would not be contended, we take it, by any one, that strangers—that is, parties having no claims against a bankrupt—could file a petition against him that would have any validity whatever. The reason given in the cases for denying to one who has become a voluntary party to an assignment contract the right to file an involuntary petition in bankruptcy, basing it upon the assignment as an act of bankruptcy, is that to permit him to do so would be to permit him to take advantage of his own wrong and enable the unscrupulous to entrap a person into involuntary bankruptcy; and it is for this reason that a person who has placed himself in that position is uniformly held to be, estopped to set up an assignment for the benefit of creditors as a ground for adjudging the assignor a bankrupt. This rule does not in any degree tend to affect or defeat the object of the bankruptcy law, for, as was said by Judge Taft in Simonson v. Sinsheimer, 95 Fed. 948, 37 C. C. A. 337:

"The estoppel we are considering, if recognized and enforced, does not affect or detract from the paramount character of bankruptcy proceedings, when properly begun, but only prevents the institution of such proceedings

by persons who were privy to the act of which they complain, and on which they found their prayer for an adjudication."

The bankruptcy act authorizes the filing of a petition in bankruptcy by creditors of the bankrupt. If the creditors are less than twelve in number, one creditor may file the petition; if more than twelve, then three or more creditors must join; but in both cases they must be creditors at the time the petition is filed. The three parties who signed the petition on February 1, 1912, were not, because of their assent to the assignment contract, creditors within the meaning of that term as used in the bankruptcy act and did not become such until after the order of adjudication. The reason why this is so is clearly pointed out by Judge Lowell in Re Romanow (D. C.) 92 Fed. 510, where it is said:

"By accepting the assignment, the creditors released their claims against the respondents, and, in place thereof, accepted claims under the assignment. Though the assignment is an act of bankruptcy, and is avoided by the adjudication, yet it is not a void instrument, but only a voidable one. Until the adjudication it is valid, and the assignment creditors are bound by their assent thereto. Hence it follows that, until adjudication, the persons who had assented to the assignment had ceased to be creditors of the respondents."

We are of opinion that the petition of February 1, 1912, was void for the want of proper petitioners. That being true, the intervening petition could draw no support from it. The rule is clearly stated by the court in Robinson v. Hanway, Fed. Cas. No. 11,953, as follows:

"But we are of opinion that the original creditors' petition is void for want of proper petitioners, and did not give the court jurisdiction of the case, and that the intervening petitions are also void for want of an original petition to give them force. It is not a case of amendment of a defective petition of which the court has jurisdiction, and when the interveners perfect the petition by additional numbers and amounts. But it is an attempt to give life to a dead petition, to ingraft branches upon a lifeless stock, and infuse vitality into it. The interveners must draw their support, if at all, from the original petition; but in this case the original petition is dead, and neither supports the interveners nor itself."

The intervening petition therefore must be considered as an original petition filed as of date June 3, 1912, and the adjudication treated as an adjudication based upon that petition alone and cannot relate back to the petition filed February 1st.

The views here expressed render it unnecessary to consider the question of preferential payments, as all of these payments were made more than four months prior to the filing of the intervening petition, which we now hold must be considered and treated as an original petition.

It follows that the order of the District Court affirming the findings of the referee, so far as they relate to appellants' claim, must be reversed and the case remanded to the District Court with instructions to direct the referee to accept appellants' claim as a provable claim against the bankrupt estate without requiring them to return the $1,000 paid by the bankrupt between the 18th day of October and the 24th day of December, 1911, both dates inclusive.