### In re BOLOGNESI et al.

### In re VALORI et al.

(Circuit Court of Appeals, Second Circuit. May 12, 1915.)

### No. 237.

1. BANKRUPTCY ⬥88—PETITION—JURISDICTION OF COURT.
   A petition in involuntary bankruptcy, valid on its face, gives the court jurisdiction, and other creditors may, under Bankr. Act July 1, 1898, c. 541, § 59f, 30 Stat. 561 (Comp. St. 1913, § 9643), intervene, though by lapse of time they are barred from originating a proceeding, for their adoption of the original petition relates back to the date it was filed.
   
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 58, 98, 104, 109–112; Dec. Dig. ⬥88.]

2. BANKRUPTCY ⬥65—INVOLUNTARY PROCEEDINGS—PETITION—VALIDITY.
   An involuntary bankruptcy proceeding is not void because facts shown in affirmative defense constitute an estoppel against the petitioners taking advantage of the act of bankruptcy relied on.
   
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 54, 121; Dec. Dig. ⬥65.]

3. BANKRUPTCY ⬥92—PETITION BY CREDITORS—WITHDRAWAL OF PETITIONERS—DISCRETION OF COURT.
   A petitioner, praying that his debtor be adjudged a bankrupt, may, in the discretion of the court, withdraw from the proceeding.
   
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 107, 108, 133–136; Dec. Dig. ⬥92.]

4. BANKRUPTCY ⬥92—PETITION—INVOLUNTARY BANKRUPTCY—INTERVENING CREDITORS.
   Where creditors, petitioning for the adjudication of their debtor a bankrupt, are permitted to withdraw before other creditors intervene, the proceeding terminates; but, until they withdraw, other creditors may intervene, though barred by lapse of time from initiating a proceeding,

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and other creditors so intervening may proceed, notwithstanding the subsequent withdrawal of the original petitioners.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 107, 108, 133–136; Dec. Dig. ☜92.]

Appeal from the District Court of the United States for the Southern District of New York.

This cause comes here upon appeal from an order dismissing a petition in bankruptcy filed March 12, 1914, against the alleged bankrupts, and denying a motion made by Valori and others, as intervening creditors, to confirm a report of the special master recommending an adjudication.

Charles T. Green, of New York City, and Isidor F. Greene, of Brooklyn, N. Y. (G. W. Wickersham, of New York City, of counsel), for appellants.

A. S. Gilbert, of New York City, for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge. On February 11, 1914, A. Bolognesi & Co. made a general assignment for the benefit of creditors. Subsequently and on or about the 12th day of March, 1914, a petition in bankruptcy was filed against A. Bolognesi & Co. by Paoli Bros. and others, alleging themselves to be creditors. To this petition an answer was interposed, asserting that the petitioning parties were not qualified creditors, in that they claimed priority rights to trust funds and were estopped by reason of their assent to and participation in the assignment proceedings. Various other creditors, subsequently and before the expiration of four months from the date of the insolvency, filed petitions and asked to be allowed to intervene, which requests were granted. On June 22, 1914, Valori and others, also creditors, filed petitions, and on the same day were allowed to intervene. This was more than four months after the date of the assignment, but the original petition of Paoli and his fellow creditors was still pending.

The alleged bankrupts answered this last petition, setting up the same defense which was interposed to the Paoli petition, and also averring that no act of bankruptcy had been committed within four months next preceding the date of the Valori petition. Valori and those joining with him are qualified creditors in number and amount. On June 22, 1914, Judge Learned Hand referred the matter to a special master. From time to time, some before and some after that date, the creditors, other than Valori and his associates, withdrew from the case. When the special master's report came before Judge Hough, he dismissed the petition in bankruptcy on the ground that:

"The application of all the qualified creditors to withdraw having been granted, the petition cannot be sustained on the intervention of qualified creditors after the four months period."

[1, 2] The original petition was undoubtedly valid on its face, and gave the court jurisdiction. N. Y. Tunnel Co., 166 Fed. 284, 92 C. C. A. 202. When that petition was filed a proceeding became pend-

ing in the District Court, initiated in accordance with the statute, and in which creditors who had not participated in its initiation were entitled to intervene. Bankruptcy Act, § 59f. We do not think that the mere circumstance that their intervention came so long after the act of bankruptcy that they could not then have originated a proceeding bars them from intervening in a pending proceeding; their adoption of the original petition related back to the date it was filed, because it was good and needed no amendment. Certainly the original proceeding cannot be held to be a *void* one, because facts may be shown in affirmative defense which may constitute an estoppel against the original petitioners taking advantage of the act of bankruptcy.

[3, 4] No doubt any petitioner may be allowed to withdraw, in the court's discretion. If the original petitioners so withdraw before others intervene, that ends the proceeding completely; there is nothing left to intervene in. But until they do withdraw there is a proceeding, in which others may intervene; and if others have done so, in the lifetime of the proceeding, subsequent withdrawal of the originators will leave the interveners free to proceed. In re Cronin (D. C.) 98 Fed. 584. If the opinion in Despres v. Galbraith, 32 Am. Bank. R. 170, 213 Fed. 190, in which the court seems to have held that the original petition was void, be construed to hold that intervention under a valid petition, four months after the act of bankruptcy and before the original proceeding was dismissed, gives the interveners no right to proceed, we cannot concur. The case at bar is not within the principle of United States v. McCord, 233 U. S. 157, 34 Sup. Ct. 550, 58 L. Ed. 893, because here there was no "vice in the original suit." The original petition was a valid one, under which bankruptcy could have been adjudicated, except for the interposition of an affirmative defense of estoppel.

The order is reversed.