## In re DIAMOND FUEL CO.

(Circuit Court of Appeals, Second Circuit. May 22, 1922.)

### No. 314.

1. **Bankruptcy ⊂⇒84—Amendment to involuntary petition, inserting new act of bankruptcy, speaks from its date.**

   An amendment to an involuntary petition, inserting a new act of bankruptcy, speaks only from its date.

2. **Bankruptcy ⊂⇒81(4)—Involuntary petition jurisdictionally defective, unless pleading act of bankruptcy in proper form.**

   An involuntary petition is jurisdictionally defective, unless it pleads an act of bankruptcy in proper form.

3. **Bankruptcy ⊂⇒88(2)—Abandoned involuntary petition, sufficient in form, may be carried forward by intervening creditors after four-month period.**

   Where an involuntary petition in bankruptcy as to the allegation of indebtedness is in point of form perfect, the defect appearing only through failure of proof in respect to evidence of indebtedness, any qualified creditor or creditors may after the four-month period come in, pick up, and carry forward the petition, which its original proponents are not able or willing to do.

Appeal from the District Court of the United States for the Southern District of New York.

In the matter of the Diamond Fuel Company, bankrupt. From an order of adjudication, certain answering creditors, the Canute Steamship Company, Limited, and the Compania Naviera Sota y Aznar, appeal. Order affirmed.

Certiorari granted 258 U. S. ——, 43 Sup. Ct. 89, 67 L. Ed. ——.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City (Charles R. Hickox and D. M. Tibbetts, both of New York City, of counsel), for appellants.

Nash Rockwood, of New York City (Thos. F. Barrett, of Clarksburg, W. Va., and R. H. McNeill, of Washington, D. C., of counsel), for respondents.

Stetson, Jennings & Russell, of New York City (Theodore Kiendl, Jr., and Frederic W. Girdner, both of New York City, of counsel), for petitioning creditors and interveners.

Before ROGERS, HOUGH, and MAYER, Circuit Judges.

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

HOUGH, Circuit Judge. This unduly voluminous record presents but one point necessary for decision. Three alleged creditors promoted and signed an involuntary petition against Diamond Fuel Company. The act of bankruptcy alleged is a conveyance unlawfully preferring the grantee, and the date of such unlawful preference is within four months of petition filed. We agree with the court below that this conveyance and its preferential nature are fully proven, and find it unnecessary to discuss this matter further.

The present appellant intervened and answered the petition, denying that one of the signers of the petition for adjudication was a creditor of the alleged bankrupt. Thereupon, and more than four months after commission of the act of bankruptcy, certain other creditors intervened and were permitted to join in the petition for adjudication. The result was that at trial there were three or more undoubted creditors demanding adjudication.

We will assume (but not decide) that one of the three parties who swore to the original petition as creditors was not in point of fact a creditor at all. This means that the proof of indebtedness was insufficient, but the allegation of indebtedness was in point of form perfect.

The one question raised by this appeal is whether, assuming such lack of proof on the part of one of the three original petitioners, the suit or proceeding was validated by the addition, after the expiration of the four-month period, of other petitioners, who did prove that they were creditors. This court has, we think, clearly indicated the distinction between an amendment or addition to a petition jurisdictionally defective and similar action in respect of one jurisdictionally sufficient.

[1, 2] An amendment inserting a new act of bankruptcy speaks only from the date of amendment (In re Havens, 255 Fed. 478, 166 C. C. A. 554, and cases cited), and any petition is jurisdictionally defective unless it pleads an act of bankruptcy in proper form. But in this case the original petition was not jurisdictionally defective. It might fail for lack of proof of many things; e. g., that it was brought by three bona fide creditors. But it would have withstood a demurrer, and an unopposed adjudication based thereon would have been perfectly valid.

[3] But where the defect will appear only through failure of proof —e. g., in respect of evidence of indebtedness—any qualified creditor or creditors may come in, pick up, and carry forward the petition, which its original proponents are not able or willing to do. If it were otherwise, it would often be an easy matter, when four months had elapsed after the act of bankruptcy, to induce or persuade one of the petitioning creditors to default upon his claim and thus avoid adjudication.

The exact point was decided in Re Bolognesi, 223 Fed. 772, 139 C. C. A. 351. We find nothing in Re Triangle Co. (D. C.) 267 Fed. 300, opposed to this ruling, and in so far as some of the language in Despres v. Galbraith, 213 Fed. 190, 129 C. C. A. 534, is to the contrary, we

adhere to the opinion regarding that decision expressed in Re Bolognesi, supra.

Order affirmed, with costs.