### In re FLUSHING–QUEENSBORO LAUNDRY, Inc.
### No. 379.

Circuit Court of Appeals, Second Circuit.
July 13, 1936.

Joseph G. M. Browne, of Brooklyn, N. Y. (Joseph G. M. Browne and Bernard L. Swirsky, both of Brooklyn, N. Y., of counsel), for appellant.

Irving Gordon, of New York City (Louis Braun, of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

An involuntary petition in bankruptcy was filed against the appellant in the District Court for the Eastern District of New York on December 4, 1935. Two acts of bankruptcy were alleged. One of them is now immaterial, but the other was that the alleged bankrupt had, while insolvent, permitted Bessie Perlman, a creditor, to obtain a preference though legal proceedings not discharged or vacated within five days. As the petition failed to allege facts showing any act of bankruptcy but contained merely conclusions stated in the words of the statute, a motion to dismiss was granted with leave to amend "limited generally to the same character of acts of bankruptcy with the same people referred to in the said voluntary petition heretofore filed."

An amended petition was then filed alleging, so far as now pertinent, that pursuant to a previous fraudulent agreement with Bessie Perlman, who held an alleged fraudulent mortgage on the property, the alleged bankrupt on or about August 10, 1935, "while insolvent and within four months next preceding the filing of the original petition herein, committed an act of bankruptcy in that it, with intent to hinder, delay and defraud its creditors, permitted a sale to be held of all the property and assets of the alleged bankrupt

herein and transferred and set over unto the said Bessie Perlman all of the assets and property of the alleged bankrupt, consisting of machinery, fixtures, chattels, good will, merchandise, and laundry supplies on hand and all accounts and bills receivable of a value in excess of $25000.00 applicable to the payment of the debts of the alleged bankrupt." And further that while insolvent and with like intent and "for the purpose of obtaining a preference contrary to the Bankrupt Act [section 60, as amended by Act May 27, 1926, 11 U.S.C.A. § 96]," it did on the 12th day of August, 1935, transfer its real estate to Bessie Perlman in consideration for a "pretended and alleged antecedent indebtedness claimed or alleged to be due from the alleged bankrupt to Bessie Perlman."

 The decision of this court in Re Fuller, 15 F.(2d) 294, required the dismissal of the original petition because acts of bankruptcy were alleged merely in the words of the statute. The leave to amend should have been limited to the making of a sufficient allegation of such act or acts of bankruptcy as had been imperfectly alleged in the original, and that meaning may be given it if the amendment permitted to stand falls within that rule. As the opinion in the above case shows, the reason for so limiting amendments is to make effective the requirement of the statute that creditors shall not take advantage of acts of bankruptcy unless they do so within the four months next succeeding their commission. Independent acts of bankruptcy introduced into the petition by amendment are to be tested by the four months' rule applied to the date of the amendment. In re Haff, 136 F. 78 (C.C.A. 2). However, if the act of bankruptcy insufficiently alleged in the original may be identified, there is no reason why the allegation of it may not be amplified by amendment regardless of the fact that the legal nature of the act is shown by the amendment to have been different from what it was called in the original petition. The defect which is fatal is not a mere misnomer, but a failure to state facts by which the alleged act of bankruptcy can be identified for amendment. That was the trouble with the original petition in Re Fuller, supra. Yet here the original petition attempted to state an act of bankruptcy committed in concert with Bessie Perlman. What was called a preference originally has been alleged in the amended petition to be the consummation of a scheme to defraud the bankrupt's creditors by taking over all of its property in an attempt to put it beyond their reach. But the fact remains that it was the transaction with Bessie Perlman which was from first to last relied on in support of the involuntary petition. Her participation in the transactions claimed to amount to an act of bankruptcy on the part of the appellant was alleged in the original, and that so labels the amendment that it can be identified as the same act of bankruptcy imperfectly alleged at first. This is enough. Hark v. C. M. Allen Co. (C.C.A.) 146 Fed. 665.

Order affirmed.