**GLINT FACTORS, Inc. v. SCHNAPP.**

**No. 137.**

Circuit Court of Appeals, Second Circuit.

March 3, 1942.

Ira M. Belfer, of New York City, for appellant.

Hecht & Glaser, of New York City, for petitioning creditor-appellee.

Before L. HAND, CHASE, and CLARK, Circuit Judges.

CHASE, Circuit Judge.

This petitioning creditor alleged in its original petition which was filed May 17, 1941, that the alleged bankrupt was insolvent and that she had while insolvent and within four months next preceding the filing of the petition committed acts of bankruptcy as follows:

"1. That the alleged bankrupt with intent to hinder, delay or defraud her creditors, and with intent and for the purpose of giving a preference contrary to the provisions of the bankruptcy Act and upon pretended and alleged antecedent indebtedness claim (sic) or alleged to be due from the said alleged bankrupt to divers persons, firms and relatives, transferred and set over unto said divers persons, firm (sic) and relatives, some of whose names are unknown to your petitioner, valuable property, consisting of money in a sum exceeding $2300.00 applicable to the payment of the debts of thē said alleged bankrupt.

"2. That while insolvent as aforesaid the said alleged bankrupt transferred vari-ous moneys amounting in the aggregate to a sum exceeding $2300.00 to various of her creditors with intent thereby to prefer such creditors over other credits (sic) of the same class, the names of some of such preferred creditors being unknown to your petitioner."

The motion to dismiss the petition was on the ground that the allegations were too vague and indefinite to allege acts of bankruptcy within the jurisdiction of the court. While this motion was pending, the appellee on June 9, 1941 moved for leave to amend its petition by alleging fraudulent transfers and preferential payments, in the latter part of January 1941, of money in stated amounts to each of seven named persons. These persons were all relatives of the bankrupt and the aggregate amount transferred to them was alleged to be $2,-250.

This appeal presents again the question of the proper exercise of discretion in permitting an amendment to a petition in bankruptcy where the amended petition counts upon fraudulent transfers and preferential payments made by the bankrupt within four months of the filing of the original petition but not within four months of the date of the proposed amendment. It has long been the law in this circuit that alleging, merely in the words of the statute, those acts of bankruptcy which are of the kind which were fraudulent under the Statute of Elizabeth was not sufficient. In re Condon, 2 Cir., 209 F. 800. But such allegations might be made good by timely amendment permitted in the sound discretion of the court. Bradley v. Huntington, 2 Cir., 277 F. 948; In re Havens, 2 Cir., 255 F. 478. If so made good, however, the date of the amendment was to be taken as the date of the first challenge to the act, or acts, of bankruptcy when adequately alleged in terms sufficiently specific. In re Fuller, 2 Cir., 15 F.2d 294; In re Triangle S. S. Co., D.C., 267 F. 300. If nothing in the original petition in such instances had been definite enough to permit identification with the amendment which must, accordingly, speak only as of its date, the four months' period to which the statute limits the avoidance of preferences and fraudulent transfers had to be computed from the date of the amendment. In re Condon, supra; In re Diamond Fuel Co., 2 Cir., 283 F. 108. Compare, Hovland v. Farmers' State Bank, 8 Cir., 10 F.2d 478. That was likewise true as to the amendment where

an act of bankruptcy had been sufficiently alleged in the original petition and a separate, additional one was introduced by amendment. In re Haff, 2 Cir., 136 F. 78. Accordingly, the allowance of such amendments was made to depend upon whether or not the challenge would be an effective one, i. e. whether it would be within the period of four months after the alleged act of bankruptcy for otherwise amendment would be futile and was not allowable since it would not be a sound exercise of discretion.

But where, however, the object of the amendment was not to allege a new cause of action but merely to make defective allegations more definite and precise the court might allow it provided the original petition was still pending. In re Bieler, 2 Cir., 295 F. 78. In such a case the allowance has been made conditional upon whether the original pleadings were specific enough to make it appear that the amendment did but amplify the original charges. "A petitioning creditor must show that he has challenged the act of bankruptcy in season, and it is impossible to know whether he has, until he identifies what act he means." In re Fuller, supra [15 F.2d 295]. When this condition was met, the expiration of the four months' period after the filing of the petition and before the amendment would not prevent its allowance. In re Flushing-Queensboro Laundry, Inc., 2 Cir., 85 F.2d 31. But when the condition was not met, we have held that the amendment proposed after the four months' period came too late. In re Gaynor Homes, Inc., 2 Cir., 65 F.2d 378. Were the need for identification of the cause or causes of action alleged in the amendment with the subject matter imperfectly alleged in the original pleading the same now as when the last-mentioned case was decided, this order allowing the amendment would have to be reversed and the petition dismissed. But we think that Rule 15(c), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which has become effective in bankruptcy cases, by virtue of General Order 37, 11 U.S.C.A. following section 53, since the above case was decided makes such an amendment as was permitted here allowable. It provides that, "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

The alleged bankrupt was a housewife who had owned a delicatessen store which she had sold and for which she had received a series of notes secured by a chattel mortgage on the furniture and fixtures. The petitioning creditor purchased these notes of a face value of $4,200 from the alleged bankrupt and paid her $2,300 for them by check on January 20, 1941. The check was cashed without delay. A few hours later the makers of the notes made a general assignment for the benefit of their creditors and shortly thereafter the alleged bankrupt turned over $2,250 to members of her family to pay what she called her obligations to them. The appellee obtained a judgment against her in the state court and, after examining her in supplementary proceedings concerning what she had done with the money it had paid her, filed the original petition in bankruptcy. It seems reasonably clear that under these circumstances the allegation of the transfer to relatives, among others, of a sum in excess of $2,300 was specific enough to enable the district judge to reach the conclusion he did that the amendment setting forth the transfer of $2,250, in named amounts to named relatives, arose out of the conduct, transaction, or occurrence attempted to be set forth in the original petition. It can hardly be doubted that both the original petition and the amendment dealt with the way by which the alleged bankrupt had transferred to relatives the money she had received from the petitioning creditor for the notes and we think that is sufficient to bring the amendment within Rule 15(c), F.R.C.P., which is to be liberally construed. Compare Kroell v. New York Ambassador, Inc., 2 Cir., 108 F. 2d 294. The somewhat more strict view of the facts given effect in Re Gaynor Homes, Inc., supra, following In re Fuller, supra, we think incompatible with what the above rule now requires.

In so holding, however, we do not mean to be understood that a petition alleging such acts of bankruptcy merely in the words of the statute may be made good by amendment which will relate back to the date of the petition. There must be enough more to show that the pleader did know, and attempted to state, some definite conduct, transaction or occurrence. Inadvertent failure to accomplish what was actually intended in this regard will now be ground for amendment under the rule though failure to plead the pertinent facts

adequately merely because they are not known will have the same result as before.

Affirmed.

CLARK, Circuit Judge (concurring).

I agree generally, though if I catch the significance of the last sentence, it implies a subjective test of amendment under Rule 15(c), F.R.C.P., which I do not believe is either applicable or workable, at least in the case of the ordinary civil action. The suggested dichotomy will rarely be disclosed or be deducible from the pleading itself; and courts should not go elsewhere in search of an admission as to purpose which only the most naive of pleaders will wish to make.