**In re STROH.**

No. 10465.

District Court, M. D. Pennsylvania.

Dec. 2, 1943.

J. Leonard Langan, of Pittston, Pa., for petitioning creditor, Tide Water Associated Oil Co.

Frank L. Pinola, of Wilkes Barre, Pa., for bankrupt.

WATSON, District Judge.

This matter is before the Court upon motion of the alleged bankrupt to dismiss the involuntary petition in bankruptcy. The respondent sets forth seven grounds for dismissal. The petitioning creditor has moved to amend the original petition in bankruptcy. The issues raised by the motion to dismiss and the motion to amend are:

1. Does the petition show on its face that the petitioning creditor is a secured creditor;

2. Is the insolvency of the alleged bankrupt properly alleged;

3. Are the acts of bankruptcy set forth in said petition alleged with sufficient particularity; and

4. Should the petitioner be permitted to amend the petition in bankruptcy so as to set forth with particularity the amounts and the persons to whom preferences were given by the alleged bankrupt within four months of the filing of the petition but more than four months before the presentation of the motion to amend?

First, it should be determined whether or not the proposed amendment should be allowed.

The petition in bankruptcy originally filed sets forth two acts of bankruptcy. The first concerns an alleged fraudulent transfer of certain real and personal property. With this allegation we need not be concerned. The second is as follows:

"Within four months next preceding the filing of this petition, the said alleged bankrupt committed an act of bankruptcy in that the alleged bankrupt did heretofore, to wit, on the 2nd day of June, 1943. * * *

"(b) while insolvent transfer property and various moneys amounting in the aggregate to the value or sum of $2300.00 to various creditors with intent thereby to prefer such creditors over other creditors of the same class, the names of the creditors receiving such preference being unknown to your petitioners."

It is proposed by amendment to add to this allegation the following:

"Said sum of $2300.00 was realized by either a settlement of a dispute concerning title to a gasoline service station of (sic) Plank and South Main Streets, Pittston, Pennsylvania, or from the sale of various fixtures affixed to said gasoline service station. The aforementioned sum of $2300.00 was transferred as follows:

"The sum of $1700.00 was paid to the Miners Savings Bank of Pittston, Pennsylvania in satisfaction of an existing indebtedness and the sum of $600.00 was paid to Frank Pinola, Esq., in payment for legal services."

The granting of amendments to pleadings in bankruptcy practice is regulated by Rule 15 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and General Order in Bankruptcy 11, 11 U.S.C.A. following section 53. General Order 11 provides that the court may allow amendments to the petition and schedule on application of the petitioner. Federal Rule 15(a) provides that leave to amend pleadings shall be freely given when justice so requires, and subdivision (c) of the rule provides that: "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

The general principles relative to the allowance of amendments to a petition in bankruptcy to correct a defective statement of an act of bankruptcy are stated in 2 Collier on Bankruptcy, 14th Ed., p. 47, as follows: "Amendments to correct a defective statement of an act of bankruptcy are allowed in the bankruptcy court's discretion, and such amendments generally relate back to the date of the filing of the original petition when they set up no new act of bankruptcy and when the original petition contains a reasonably definite statement to which the amendment may relate. Thus an amendment will be permitted to allege the debtor's insolvency, where insolvency is an essential element of the act of bankruptcy. The court will also permit an amendment to specify the person to whom the fraudulent or preferential transfer was made, and in case of a preferential transfer, to state that the transfers were made with intent to prefer. If the petition alleges a fraudulent transfer, an amendment may properly charge that the same transfer was made with intent to prefer."

None of the cases relied on by the respondent are in disagreement with the principles above stated. It is my opinion that the amendment proposed by the petitioning creditor should be allowed. Kay v. Federal Rubber Co., 3 Cir., 46 F.2d 64.

The real issue, however, is whether the amendment should relate back to the date of the original petition. If not, it will avail nothing since the motion to amend was presented more than four months after the act of bankruptcy alleged.

Prior to the adoption of the Federal Rules of Civil Procedure it was generally held that the relation back doctrine would not be applied where the act of bankruptcy was alleged in the general language of the Bankruptcy Act. 11 U.S.C.A. § 1 et seq. This was true particularly when the act alleged was a fraudulent or preferential transfer. 2 Collier on Bankruptcy, 14th Ed., p. 51, and cases there cited. In determining whether the relation back doctrine should be applied, the test was "whether

the original pleadings were specific enough to make it appear that the amendment did but amplify the original charges," Glint Factors, Inc., v. Schnapp, 2 Cir., 126 F. 2d 207, 209, and the doctrine was strictly limited to those cases where the defect sought to be corrected was merely clerical.

 Since the adoption of the Federal Rules, however, the theory of pleading in the federal courts has been completely changed. Whereas, previously, it was the purpose of the pleadings to set forth the facts with particularity so that the issues to be tried could be defined, their purpose is now merely to apprise the adverse party of the nature of the pleader's claim or defense. 1 Moore's Federal Practice, 546 et seq. Securities and Exchange Comm. v. Timetrust, Inc., D.C., 28 F.Supp. 34; Van Dyke v. Broadhurst, D.C., 28 F.Supp. 737. Other means are provided by the Rules for compelling the pleader to disclose the facts upon which he bases his claim.

Viewed in the light of this new theory, it is my opinion that paragraph 4 (b) of the original petition in bankruptcy filed in this case and the proposed amendment deal with the same preferential transfers, and that this is sufficient to bring the amendment within Rule 15(c) of the Federal Rules of Civil Procedure. The same conclusion has been reached by the Circuit Court of Appeals for the Second Circuit in a similar case. Glint Factors, Inc. v. Schnapp, 126 F.2d 207. In that case, the two cases principally relied on by respondent; In re: Gaynor Homes, Inc., 2 Cir., 65 F.2d 378, and In re: Fuller, 2 Cir., 15 F.2d 294, were held to be incompatible with the decision reached.

Having decided that the amendment proposed by the petitioning creditor should be allowed, it is clear that paragraph 4(b) of the petition, as amended, alleges an act of bankruptcy with sufficient clarity to comply with the requirements of good pleading.

Now, as to whether the petition shows on its face that the petitioning creditor is a secured creditor and, therefore, is not a proper person to file the petition: The petition alleges that petitioner is the holder of a claim against the alleged bankrupt amounting to more than $500, in excess of the value of any security. The only fact appearing on the face of the petition which might indicate that the claim is secured is that the petitioner obtained a judgment against the respondent in Jan-

uary, 1943. There is nothing to indicate that this judgment is a lien on anything and the statement of the petitioner that its claim exceeds by $500 any security held by it must be accepted as true, in the absence of proof to the contrary.

The insolvency of the respondent at the time of the alleged preferential transfer is properly alleged in paragraph 4(b) of the petition. 2 Collier on Bankruptcy, 14th Ed., p. 27. The financial status of the respondent at the time of the filing of the petition is immaterial and need not be alleged. 1 Collier on Bankruptcy, 14th Ed., p. 441.

If amended in the manner proposed by the petitioner, the involuntary petition in bankruptcy will be sufficient and the motion to dismiss the petition should be dismissed.

It is ordered.