**BOWLES, Adm'r, Office of Price Administration, v. PURE OIL CO.**

No. 5148.

District Court, E. D. Pennsylvania.

Feb. 11, 1946.

Charles Rembar, Chief Briefing Branch, and L. George Reder, both of Washington, D. C., and Robert J. Callaghan, Dist. Enforcement Atty., and Harry W. Steinbrook, Senior Enforcement Atty., both of Philadelphia, Pa., for plaintiff.

Charles E. Kenworthey, of Schnader, Kenworthey, Segal & Lewis, all of Philadelphia, Pa., and David T. Searls, of Vinson, Elkins, Weems & Francis, all of Houston, Tex., for defendant.

KIRKPATRICK, District Judge.

This civil action, brought by the Price Administrator of the Office of Price Administration, is based upon allegations of overceiling sales of petroleum products, and prays for an injunction, mandatory relief, and judgment in the amount of $600,000.

The complaint, after formal allegations as to the parties and jurisdiction, cites the pertinent Regulation, avers that the defendant has violated the section requiring the keeping of records showing the basis upon which its maximum prices are determined and then in paragraph 7, states the whole cause of action as follows: "Defendant has offered, sold and delivered petroleum products subject to the provisions of the Regulation at prices in excess of the applicable maximum prices provided by the Regulation, and in violation of the provisions thereof."

The defendant has filed a motion to dismiss the entire complaint, separate motions to dismiss the two counts of the complaint, motions to strike certain specific paragraphs of the complaint and a motion for a bill of particulars or a more definite statement. All the motions are grounded upon the contention that the plaintiff's statement of his cause of action is so general and indefinite that the complaint must either (1) be dismissed under rule 12(b) (6), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for failure to state a claim upon which relief can be granted or, in the alternative, (2) be amended, before the plaintiff can proceed further, by a bill of particulars setting forth and identifying specific overceilmg sales.

Obviously, under the system of notice pleading, established by the Rules of Civil Procedure, the complaint is good and can not be dismissed for failure to state a claim upon which relief can be granted. See Continental Collieries, Inc., v. Shober, 3 Cir., 130 F.2d 631; Sierocinski v. E. I. Du Pont De Nemours & Co., 3 Cir., 103 F.2d 843; Independence Shares Corp. v. Deckert, 3 Cir., 108 F.2d 51. In the Continental Collieries case, supra, the Court said, [130 F.2d 635] "there is no justification for dismissing a complaint for insufficiency of statement, except where it appears to a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of the claim. * * * No matter how likely it may seem that the pleader will be unable to prove his case, he is entitled, upon averring a claim, to an opportunity to try to prove it."

It is equally clear that the defendant is not entitled as a matter of right to compel the plaintiff to amend by pleading particulars. It may be taken as settled by this time that bills of particulars ordinarily will be denied in cases where discovery procedure is available and adequate. Here no consideration of policy or expediency (as in United States v. Hartmann, D.C., 2 F.R.D. 477) stands in the way of the defendant's use of discovery procedure to the fullest extent. The plaintiff professes himself entirely willing to submit to discovery [1] and to cooperate in giving the defendant full particulars of all violations with respect to which he will offer evidence, and the defendant can rest assured that it will not be forced to go to trial until, having obtained the necessary information, it has had ample opportunity to prepare its defense, nor will the trial be delayed unreasonably in order to permit the plaintiff to seek out additional violations.

Thus the normal application of well established procedural rules would result in the dismissal of the defendant's motions. The motions, however, raise an issue which lies beyond their immediate objectives. The point involved is the maintainability of the so-called open-end action for multiple or large-scale violations of the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 901 et seq. The plaintiff admits that at the time the action was brought he had knowledge of only a small number of overceiling sales—small, that is, as compared to the great volume of such sales which, he asserts, actually exist and of which he expects to produce evidence at the hearing. Concededly, he could specify in his complaint, at the time it was filed (or for that matter, now) only a fraction of the transactions which, he believes, will constitute his cause of action.

The motion to dismiss really goes to the plaintiff's right to pursue the action by bringing in subsequently discovered overceiling sales either by way of amendment to the complaint or evidence at the trial; and the motion for a bill of particulars is not so much for the purpose of eliciting information as to limit the plaintiff's proof to the overceiling sales of which he had knowledge as to time, place and price when he filed his complaint.

The importance of the issue arises from the fact that the right given by the Emergency Price Control Act of 1942 to consumers and the Price Administrator to institute a treble damage action is qualified by the provision in the Act that the action must be brought "within one year from the date of the occurrence of the violation." 50 U.S.C.A.Appendix, § 925(e). Obviously, if the plaintiff's right to proceed in this action is limited to the instances of the defendant's alleged misconduct of which he had specific information at the time the suit was filed, the limitation of the statute will deprive him of what he deems to be the greater part of his cause of action.

Laying aside for the moment the question of effect of the one year limitation upon the right to amend, and dealing with the question as though there were no such limitation in the statute, it cannot be contended that the law, in general, has ever been that a plaintiff's action must fail because, when he begins his suit, he does not know enough about his cause of action to establish it forthwith by competent evi-

---

[1] As a matter of fact, the plaintiff does not object to supplying such information in the form of a bill of particulars. That, as will be seen hereafter, will not accomplish what the defendant wants, unless the filing of a bill is accompanied by an order or decision of the Court that further proceedings shall be limited strictly to the violations specified in the bill, or better still, from the defendant's point of view to violations of which the plaintiff had detailed knowledge when the complaint was filed.

dence, nor, having pleaded a cause of action, was a plaintiff ordinarily denied the right to amend by amplification, or by adding specific instances, coming within the ambit of the cause of action, which he may have set forth in his complaint. Under the old equity practice a bill of discovery could be maintained not only in aid of a pending suit but also where there was no suit in existence, but only one in contemplation. Under the Rules of Civil Procedure, rule 27, before an action is instituted, upon a showing that the proposed plaintiff "is presently unable to bring" the action, discovery by depositions may be had. The only requisite, under either procedure, was that the plaintiff "must somehow convince the Court that there is, at least, reasonable ground to believe that a cause of action exists, and can be proved if the necessary facilities are afforded him." C. F. Simonin's Sons, Inc., v. American Can Co., D.C., 30 F.Supp. 901, 902. See also Sinclair Refining Co. v. Jenkins Petroleum Process Co., 289 U.S. 689, 53 S.Ct. 736, 77 L.Ed. 1449, 88 A.L.R. 496.[2] The applicable principle to be derived from these rules is that particularized knowledge of the facts constituting a cause of action is not indispensable to pleading a cause of action and that no rule of law freezes the further development of the case within the limits of the plaintiff's knowledge when he filed his complaint.

■ In the present case it appears from affidavits filed in support of the plaintiff's motion for a preliminary injunction and from statements of counsel at the argument that the plaintiff made a spot check on sales made from two of the defendant's shipping points and found numerous violations set forth in detail in the affidavits. It also appears that because of the defendant's failure to keep records in accordance with the regulations, it was, in a number of instances, making sales without having filed the necessary applications and reports to determine ceiling prices and that because of record keeping and application violations it was impossible to make a complete audit of the defendant's sales. In certain cases where it was possible to determine maximum prices, evidence of a number of overceiling sales was obtained. The defendant's business is nationwide, but I think that what is now before me is ample to convince any court that the Administrator did not institute this action without reasonable grounds to believe that a large number of violations existed at other points than those which he had spot checked. Of course, the question of the ultimate ability of the plaintiff to establish his case has nothing to do with the question whether, from what he knows or thinks, he has reasonable grounds to believe that it exists, and upon this latter point only I quote from the recent decision of the Circuit Court of Appeals in Bowles v. Leithold, 3 Cir., 155 F.2d 124, "A defendant who has thus made it practically impossible for anyone to tell whether he is violating price ceilings or not, by withholding the fundamental information, is not unlikely to violate those ceilings under cover of the darkness which his failure to give information has created. At least it is not unreasonable for one to conclude that such a happening is within the range of probability and to guard against it by injunction."

Assuming then that the complaint is sufficient and that it could be amended by particulars, we come to the question of the relation back of amendments. The complaint was filed August 31, 1945, and it alleges that the sales in violation of the regulations, for which damages are sought, all occurred within the year prior to the filing of the complaint, that is, subsequent to September 1, 1944. If an amendment is now offered specifying sales more than a year before the date of the amendment (say for convenience, Sept. 1, 1944, to Feb. 1, 1945) it is plain that it could not be allowed unless it relates back to and speaks from the date of the original complaint.

■ The doctrine of relation back of amendments existed long before the adoption of the Rules of Civil Procedure, but Rule 15(c) broadened its application. Glint Factors, Inc., v. Schnapp, 2 Cir., 126

[2] The considerations which govern the question whether a plaintiff may have discovery to obtain evidence of facts not known to him when he began his suit are fully applicable to the question raised by the defendant here, namely, whether the action must be dismissed because of the plaintiff's lack of sufficient information to plead with particularity. If a plaintiff who needs discovery to develop his case is denied it, his suit is in effect at an end—quite as much so, for all practical purposes, as though his complaint had been dismissed.

F.2d 207. The general rule always was that "an amendment to a petition which sets up no new cause of action, but merely amplifies and gives greater precision to the allegations in support of the cause originally presented, or states new grounds or specifications germane to such charges or allegations, relates back to the commencement of the action, and may be upheld * * *", 34 Am.Jur. § 264, page 217. Two or three Circuit Court of Appeals decisions seem at least to suggest that a stricter rule is applied in bankruptcy and that if nothing in the original petition is definite enough to permit identification with the amendment, the latter must speak only as of its date, and that the four months' period for avoidance of preferences, must be computed from the date of the amendment. In re Condon, 2 Cir., 209 F. 800; In re Diamond Fuel Co., 2 Cir., 283 F. 108; Hovland v. Farmers' State Bank, 8 Cir., 10 F.2d 478.

However, as pointed out in the Glint Factors case, supra, all these cases were decided before Rule 15(c) became effective in bankruptcy cases by virtue of General Order 37, 11 U.S.C.A. following section 53, and in the Glint Factors case, supra, a petition which merely alleged that the bankrupt "transferred and set over unto said divers persons, firm (sic) and relatives, some of whose names are unknown to your petitioner, valuable property, consisting of money in a sum exceeding $2300.00" [126 F.2d 208], was held amendable with relation back, by a specification setting out the names, dates and amounts of the transfers. The Court pointed out that in so holding it did not mean that a petition alleging acts of bankruptcy merely in the words of the Statute [3] may be made good by amendment which would relate back to the date of the petition and went on to say, "there must be enough more to show that the pleader did know, and attempted to state, some definite conduct, transaction or oc-

currence." If by this the Court intended to state a rule to the effect that there must be an attempt to state specific conduct which fails through inadvertence, it is apparent that the Court was not ruling for any class of litigation other than bankruptcy cases, because in Michelsen v. Penney, 2 Cir., 135 F.2d 409, later decided by the same Court, the plaintiff charged the defendant with negligent conduct causing a loss of three million dollars to a bank in certain specific transactions and then added "in other manners * * * wholly unknown to the plaintiff's." The amendment specified a number of additional transactions and the Court held it allowable and that it related back to the date of the original amendment, stating "The amended and supplementary complaint merely made specific what had already been alleged generally; the cause of action was not changed; and relation back under Federal Rules of Civil Procedure, rule 15(c), and the earlier law it codifies, therefore followed", and cites Maty v. Grasselli Chemical Co., 303 U.S. 197, 58 S.Ct. 507, 82 L.Ed. 745, and a number of other cases. Certainly there was no inadvertent failure to state known instances of conduct other than those specified in view of the flat statement that such instances were, at the time of filing the complaint, wholly unknown to the plaintiff. This decision seems to fully answer the defendant's contention that a complaint cannot introduce, by way of amendment relating back to the original complaint, specific facts of which he has no knowledge when he filed his suit. An involuntary bankruptcy proceeding is not launched for the mere purpose of requiring a defendant to answer for his defaults or torts. Its object is to divest him completely of all his property—a very good reason for holding the moving parties to a somewhat stricter rule of pleading than in the ordinary law suit.

The defendant's motions are denied.

---

[3] The plaintiff in the present case does more than merely plead the words of the Statute. It refers to definite conduct—the sale of petroleum products subject to a specific regulation cited, at prices in excess of ceilings provided by that same regulation, between September 1, 1944, and the date of filing the complaint. If not quite as definite as the petition in the Glint Factors case, supra, it is much more definite than what the Court in the Michelsen case, infra, said was the scope of the complaint in that case. The Court said the "defendant was bound to realize that he would be held for every possible act of mismanagement." [135 F.2d 417]. In the present case what is charged is not every act of violation, but violation of a definite kind (selling above ceiling and of a particular ceiling) and with respect to described products (Petroleum Products subject to M. P. R. 88).