**UNITED STATES v. KORNFELD.**

**Civ. A. No. 3586.**

United States District Court
M. D. Pennsylvania.

Feb. 10, 1950.

---

alleging violations by the defendant of Section 206(a) ·of the Housing and Rent Act 'of 1947, as amended.[1] The case is before the court on a motion by the defendant for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure.[2]

The portions of the complaint complained of read as follows: "Under the Act and Regulation the maximum legal rent for the aforesaid housing accommodations was $30.00 per month. The Defendant demanded and received rent for the use and occupancy of the aforesaid housing accommodations from the tenant, Jim L. McDonald, in the sum of $60.00 per month for the period May 8, 1948 to September 7, 1948 and in the sum of $34.00 for the period September 8, 1948 to September 25, 1948."

The defendant contends in support of its motion that the complaint fails to state the date when each demand for rental was made, the amount requested in each demand, the date when each payment was made and the amount of each such payment.

 Rule 12(e) provides, in part, that a party may move for a more definite statement "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." This Court has on many occasions set forth the new theory of pleading under the Federal Rules of Civil Procedure.[3] In Brinley v. Lewis, supra, it was stated inter alia: "I feel that motions under Rule 12(e) are properly presented only where the complaint is so vague or ambiguous or contains such broad generalizations that the defendant cannot frame an answer thereto or understand the nature and extent of the charges so as generally to prepare for trial." The United States Court of Appeals for the Third Circuit has stated the same general rule in Continental Collieries, Inc., v. Shober[4] as follows: "Under the Federal Rules of Civil Procedure the function of the

Cyril F. Pessolano, Chief Rent Litigation Sec., Joseph J. Strassman, Atty., Office of the Housing Expediter, Philadelphia, Pa., Horace R. Cardoni, Scranton, Pa., Atty., Office of the Housing Expediter, for plaintiff.

William Zacharellis (of Bialkowski, Bialkowski & Bialkowski), Scranton, Pa., for defendant.

WATSON, Chief Judge.

This is an action by the United States

1. 50 U.S.C.A. Appendix, § 1881 et seq.

2. 28 U.S.C.A.

3. Brinley v. Lewis, D.C.1939, 27 F.Supp. 313, 314; Van Dyke v. Broadhurst, D.C. 1939, 28 F.Supp. 737; and In re Stroh, D.C.1943, 52 F.Supp. 958; and cases cited therein.

4. 1942, 130 F.2d 631, 635.

complaint is to afford fair notice to the adversary of the nature and basis of the claim asserted and a general indication of the type of litigation involved. * * * Technicalities are no longer of their former importance, and a short statement which fairly gives notice of the nature of the claim is a sufficient compliance with the requirements of the rules."

It is the opinion of the Court that the complaint in this case is sufficiently definite to enable the defendant to frame an answer, and the defendant's motion for a more definite statement will be denied.

Now, the defendant's motion for a more definite statement is denied.