In the Matter of **MAGONE FURNITURE COMPANY**, a corporation, Alleged Bankrupt.

No. B–63–2233.

United States District Court
D. Oregon.
Feb. 18, 1964.

F. Brock Miller, Boyrie & Miller, Portland, Or., for petitioning creditors.

Williamson & Isaak, St. Helens, Or., for bankrupt.

KILKENNY, District Judge.

Presented for decision are two subjects:

1. Petitioners' motion for permission to amend their original petition.

2. The alleged bankrupt's motion to stay all proceedings commenced in State Court.

(1) The creditors' petition, filed on August 2, 1963, charges the alleged bankrupt with committing certain acts of bankruptcy during the months of June and July of the same year.[1] The motion to amend lists other preferences.[2] Petitioners argue that the proposed amendment is nothing more than a method of making the language of the original petition "and further payments to said creditors" more definite and certain.

In Re Timberline Lodge, 139 F. Supp. 13 (D.C.Or.1955), on which the alleged bankrupt relies, is readily distinguishable. Judge McColloch, in that case, denied the motion to amend for the reason that one amendment dealt with an alleged act of bankruptcy which occurred more than four months prior to the proposed amendment and the act of bankruptcy mentioned in the proposed amendment had nothing in common with the act of bankruptcy mentioned in the original petition. Here, the proposed amendment amounts to nothing more than making the petition more definite. The reason assigned for refusing to allow the amendment as to the other alleged act of bankruptcy was that the language used amounted to nothing more than a conclusion.

It is clear that Judge McColloch was distinguishing between those cases where the amendment sought stated an entirely new and distinct act of bankruptcy and those where the amendment was merely a clarification of the language in the original petition. Although he cites two cases from the Second Circuit, In Re Haff, 136 F. 78 (2 Cir. 1905); In Re

---

1. "4. Within four months next preceding the filing of this petition, the said Magone Furniture Company, a corporation, committed acts of bankruptcy, in that it did during the months of June and July, 1963, while insolvent transfer a portion of its property by making payment to several of its creditors, including particularly a payment to George C. Van Natta for the account of Englander Company in the amount of $3,124.35; a payment to West Stores in the amount of $4,585.44; a payment to Cecil Magone in the amount of $5,325.00, and further payments to certain creditors, which said payments aforesaid were all in payment of antecedent debts, the effect of which payments was to enable said certain creditors to obtain greater percentages of their respective debts than some other creditors of Magone Furniture Company of the same class."

2. A payment to Williamson and Isaak in the sum of $1,539.23; payment to Jean B. Franklin in the sum of $950.00. (To be inserted immediately following the figures "$5,325.00" in Note 1.)

Gaynor Homes, 65 F.2d 378 (2 Cir. 1933), he does not mention Glint Factors, Inc. v. Schnapp, 126 F.2d 207 (2 Cir. 1942), a much later case in which the Second Circuit recognized the right to amend and the relation back of the amendment, where the amendment merely clarified and added to the language of the original petition.

■ An amendment, such as here proposed, which merely corrects, perfects or provides further detail with respect to the acts of bankruptcy which the original petition charges does not set up a new act, but, contrawise, refers back to the prior pleading to add certainty thereto. Consequently, it is of no importance that the four month period since the commission of the act has expired before the leave to amend is requested. International Silver Co. v. New York Jewelry Co., 233 F. 945 (C.A.Tenn.) (5 Cir. 1916); In Re Yellow Motor Co., 34 F.2d 118 (8 Cir. 1929), cert. den. Yellow Motor Co. of St. Louis v. Broderick, 280 U.S. 590, 50 S.Ct. 38, 74 L.Ed. 639; Superior Manufacturing Corporation v. Hessler Manufacturing Company, 267 F.2d 302 (10 Cir. 1959). This rule has been specifically applied to a petition where the names of the creditors preferred were not stated. In Re Stroh, 52 F.Supp. 958 (D.C.Pa.1943); Superior Manufacturing Corp. v. Hessler Manufacturing Company, supra. The decision in Dworsky v. Alanjay Bias Binding Corp., 182 F.2d 803 (2 Cir. 1950) is not contrary to the rule here stated. The import of the conclusion in Dworsky is that the original petition was so lacking in substance that no amendment could be allowed.

I now turn to Walker v. Woodside, 164 F. 680 (9 Cir. 1908), the only Ninth Circuit case which speaks on the topic. The Court concluded that the general rule was stated In Re Haff, supra, and quotes, with approval, from that opinion. It then goes on to destroy the effect of its statement, by calling attention to the fact that the particular point was not before it for decision and, accordingly, permitted the amended petition to stand. Obviously, the Court's discussion of the subject was pure dictum. In Re Harris, 299 F. 395 (1 Cir. 1924), so holds. Dictum or not, it is clear, that the facts set forth in the amendment in Walker, amounted to considerably more than a clarification of the original petition. The Court, in Walker, did not have the benefit of the much later Second Circuit opinion in Glint Factors v. Schnapp, supra, decided in 1942, after the adoption of the new Rules of Civil Procedure, in which the Second Circuit permitted an amendment similar to the one here proposed. Glint Factors is cited, with approval, in Dina Manufacturing v. Segal, 220 F.2d 36 (2 Cir. 1955).

That the Second Circuit is now committed to the view that a Court should look to the petition and the proposed amendment to determine whether, considered together, they disclose on their face that in the original petition the creditors set forth, or attempted to set forth, the same preferential transfer or transfers ultimately relied upon and, if so, the amendment should be allowed, is beyond question, Remington on Bankruptcy, Henderson Ed., Vol. 1, Sec. 234, p. 359.

Full consideration has been given to all cases cited by the respective parties. However, I find no reason for further discussion on the problem.

(2) Although the Court has power to enjoin the prosecution of actions in State Courts, even at this stage of an involuntary proceeding,[3] no good reason has been advanced why I should exercise such jurisdiction. If such showing is made, I will not hesitate to act.

The motion to amend the petition is allowed. The motion to stay proceedings in State Court is denied, without prejudice.

It is so ordered.

---

3. 11 U.S.C. § 11(15).